Argued June 10, affirmed July 6, 1915.

## McKAY *v.* McKAY.

(149 Pac. 1032.)

**Divorce—Custody of Child—Relative Means of Parents.**

1.   Where both parents were proper persons for the custody of
their child, the fact that the father was better able financially to
raise the child than the mother, who was obliged to work to earn a
living, was not ground to give him the custody of such child, a
daughter, as against the mother, successful in her suit for divorce;
since nothing prevented the father from contributing more to the
maintenance of the child than the amount directed by the decree, if
his means permitted.

> [As to liability of father for the support of children after di-
> vorce decree awarding custody to another, but not providing for
> maintenance, see note in **Ann. Cas. 1913C,** 296.]

**Divorce—Custody of Child—Modification of Decree.**

2.   When a change in a decree of the Circuit Court in a divorce suit
as to the custody of the child becomes justifiable in the future, the
decree may be modified.

From Crook: WILLIAM L. BRADSHAW, Judge.

Department 2.   Statement by MR. JUSTICE HARRIS.

Alice McKay and Donald McKay were husband and
wife, and Dorothy McKay, aged about 11 years, is

their daughter.  The plaintiff commenced a suit for a divorce.  A trial resulted in a decree which grants a divorce to plaintiff, awards to her the custody of the child, and requires the father to pay to the clerk of the court the sum of $20 each month for the care and maintenance of the daughter.  Donald McKay appealed.                                    ¡Affirmed.

For appellant there was a brief and an oral argument by *Mr. William H. Wilson.*

For respondent there was a brief and an oral argument by *Mr. M. R. Elliott.*

Mr. Justice Harris delivered the opinion of the court.

The defendant appealed from the entire decree, but the controversy now chiefly concerns the custody of the child.   The appellant says in his printed brief that "if the child were a boy this appeal would not have been taken."   Although the oral arguments were directed almost exclusively to a consideration of the welfare of Dorothy McKay, nevertheless the evidence has been examined with care, and the conclusion is that the trial court did not make a mistake in granting the plaintiff a divorce.

Each parent desires the custody of the daughter; and it may fairly be assumed that each would try to raise the child properly.  The father resides on a ranch about 3½ miles from school.  He raises stock, and of necessity is absent from his home much of the time. At present none but men reside with defendant.  He says that if the custody of his daughter is granted to him he would engage the services of some married

woman and her husband, so that Dorothy would have the companionship of a woman.

1. The plaintiff works in a hotel, but she is near a school. The mother is obliged to work and earn a livelihood and it is argued that the father should have the custody of the daughter because he is better able financially to raise the child. No obstacle interposes, however, to prevent the father from contributing more than the decree directs for the maintenance of the child if his means will permit, even though the mother retains the custody of Dorothy.

2. It is not necessary to relate all the evidence. It is enough to say that, except in very rare cases, the instincts of motherhood can be relied upon to give to a daughter of tender years a measure of loving care and attention which no other person can equal. The proper place for this little girl is with her mother. Presumably the trial judge knows the parties, and, in his opinion, the welfare of the daughter demanded that she remain with the mother for the present at least. There is nothing to prevent the Circuit Court from modifying the decree so far as it affects the custody of the child if a change should be justified at any time in the future: *Gibbons* v. *Gibbons,* 75 Or. 500 (147 Pac. 530).

The decree is affirmed.    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.