Argued February 3, reversed February 23, 1916.

## CONE *v.* GILMORE.

(155 Pac. 192.)

**Contracts—Illegality of Object—Public Policy.**

1. Whether a contract is void as against public policy depends on the facts of the particular case, and a contract will be upheld unless it tends to injure the public or is inconsistent with sound morality.

**Contracts—Legality of Object—Agreements Relating to Actions.**

2. The mere fact that a litigant agrees in advance to pay the expenses of a lawsuit is not sufficient to brand the contract as being against public policy, since that does not show conclusively a lack of good faith.

**Contracts—Legality of Object—Relief of Parties—Pleading.**

3. The burden is on the one alleging that the object of a contract to pay the costs and fees of an action is illegal to allege in the complaint sufficient facts to disclose the immorality or injurious tendency of the contract.

Pleading—Conclusions.

4. A complaint, alleging that the mayor and councilmen of a city agreed to pay the fee of the attorney acting for the plaintiff in an action to test the validity of the incorporation of the city, and alleging that the agreement was illegal, is insufficient to show a cause of action; the statement that the contract was illegal being a mere conclusion of law.

[As to validity of contract to furnish evidence, see note in 97 Am. St. Rep. 145.]

From Tillamook: WEBSTER HOLMES, Judge.

Department 2.    Statement by MR. JUSTICE BENSON.

This is a suit by W. S. Cone, George Williams and Henry Jordan against W. H. Gilmore, Robert Watt, J. T. Nevins, J. M. Bodle, W. L. Provost, David Rhodes, E. G. Lantz, Bay City, a municipal corporation, and W. Proctor, Jr.    The facts are as follows:

In the year 1912, the defendant Proctor, as relator, instituted a suit against Bay City and its mayor and council, wherein the validity of the incorporation of the defendant city was attacked.    This suit was prosecuted to a final decree in this court, in which the defendants therein prevailed.    Growing out of this litigation, this suit was commenced by the plaintiffs, as residents and taxpayers of the defendant city, and their cause of suit is stated thus:

"That about the time said suit was instituted by said Proctor the then mayor and councilmen of said Bay City, Oregon, entered into an agreement with said Proctor and the said Everett A. Johnson, whereby it was agreed that in the event that the said suit should be decided against the said Proctor, and the said Bay City, Oregon, should be decided to be a duly incorporated municipal corporation of the State of Oregon, then the defendant Bay City, Oregon, for the benefit of the said Proctor, as plaintiff therein, would pay to the said Everett A. Johnson an attorney fee of $250, and would also pay the costs and disbursements incurred by said Proctor in the prosecution of said suit.    That the said suit was prosecuted to a final determination

thereof in the Supreme Court of the State of Oregon, which court in a decree rendered thereon on or about ——— day of April, 1913, declared the said Bay City, Oregon, to be a duly incorporated municipal corporation of the State of Oregon, and further decreed judgment in favor of said Bay City, Oregon, and against the said Proctor, for the costs and disbursements of said suit. That immediately after the month of April, 1913, the said defendant W. H. Gilmore, mayor, and the other defendants named herein as councilmen of Bay City, Oregon, caused warrants to be issued upon the general fund of Bay City, Oregon, for the purpose of carrying out the said attempted and illegal agreement made by the said council of Bay City, Oregon, with said Proctor and Johnson; the said mayor and councilmen having full knowledge of the facts and terms of said illegal agreement and knowing the facts and circumstances surrounding and included in said agreement to be as hereinabove stated. That from and out of the funds arising from the said warrants so authorized and issued by the defendants aforesaid, the sum of $250 was paid to the said Everett A. Johnson, as attorney for said Proctor, Jr., and the further sum of $200 was paid for the purpose of satisfying the costs and disbursements incurred by said Proctor and his attorney in the prosecution of said suit. That the sole consideration for the payment of the said total sum of $450 was to carry out the terms of said illegal agreement entered into as hereinbefore shown. That long prior to the date of filing of this action the plaintiffs requested in writing the said W. H. Gilmore, acting as mayor, and the other defendants acting as councilmen of Bay City, Oregon, to bring this suit or some proper action against the said defendants in order to recover the sum of $450 illegally paid out as aforesaid; but the said mayor and councilmen have failed and refused to act or take any action, and do fail and refuse still to act in the premises; and, upon the failure and refusal of said defendants to take any action therein, the plaintiffs herein now bring this suit as taxpayers of Bay City, Oregon, on behalf of said Bay City, Oregon,

and on behalf of themselves and others similarly situated.

"Wherefore, the plaintiff prays for a decree herein compelling the restoration of the funds misappropriated, as aforesaid, and in case such restoration be impossible for a judgment in favor of said Bay City, Oregon, and against the defendants, and each of them, except the defendant Bay City, Oregon, for the sum of $450, together with interest thereon at the rate of 6 per cent per annum from the 1st day of May, 1913, and that plaintiffs recover their costs and disbursements herein, and for such other and further relief as to the court may seem right and equitable."

To this complaint an answer was filed undertaking to set up a plea in abatement. Plaintiff then moved for a judgment on the pleadings, which was granted, and a judgment entered as prayed for in the complaint, and thereafter defendants applied for leave to answer to the merits, which was refused. Defendants appeal.

REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. John M. Gearin, Mr. C. W. Talmage* and *Mr. E. J. Claussen,* with an oral argument by *Mr. Gearin.*

For respondents there was a brief over the names of *Mr. Ralph R. Duniway, Mr. Sidney S. Johnson* and *Mr. T. H. Goyne,* with an oral argument by *Mr. Duniway.*

MR. JUSTICE BENSON delivered the opinion of the court.

The first assignment of error challenges the sufficiency of the complaint. Plaintiffs contend very earnestly that the agreement on the part of Proctor and the city officials, as set out in the complaint, discloses a void, unconscionable contract, which is against

public policy.   Defendants insist with equal energy
that it is a perfectly honorable and legitimate transac-
tion.   Neither, however, have cited any authorities in
support of their contentions, and we have not been able
in our own investigation to find a case directly in point.
However, the principle involved is fairly illuminated
in the case of *Parker* v. *State ex rel. Powell,* 132 Ind.
419 (31 N. E. 1114), in which the attorney general filed
a motion to dismiss the appeal on the ground that the
suit was fictitious and collusive.   In the opinion Mr.
Chief Justice McBRIDE says:

"The action is properly brought against the officers
named.   The facts that such officers, the relator, and
attorneys all entertain the same opinion of the laws in
question, or are otherwise agreed, is wholly immaterial.
The officers named are sued as such, and not as indi-
viduals.   The relator in such cases cannot be required
to forego the right of appealing to the court, simply
because the officer against whom he must necessarily
proceed agrees with him politically or otherwise.   It is
also not material at whose suggestion or expense the
suit was instituted or carried on."

1-3.  The question of whether or not a particular con-
tract is void as being against public policy must be de-
termined largely by the facts of the particular case,
and, if the agreement is one that tends to the injury of
the public or is inconsistent with sound morality, it will
be condemned by the courts; otherwise, it will be up-
held.   The naked fact that a litigant agrees in ad-
vance to pay the expenses of a lawsuit is not sufficient,
we think, to brand the contract as being against public
policy.   To illustrate: Assume that A and B claim title
to the same tract of land, and that they are equally
anxious to have their honest contentions adjudicated.
Let it be further assumed that A has ample means to

79 Or.—23

defray the expenses of litigation, but that B has nothing beyond his claim of title to the land. Would it be contended that an agreement between them that B should institute proceedings to quiet title and that A should pay all the costs of the contest was immoral or against public policy? We think not. In the case at bar the litigation may have been conducted in perfect good faith by both parties, and with a genuine controversy between them, and yet the poverty of the relator and the deep concern of the municipal corporation and its inhabitants were such as to constitute a complete justification for the contract in question. If it were otherwise, it is incumbent upon plaintiffs to allege in their complaint such facts as would disclose the immorality or injurious tendency thereof.

4. The allegation that the agreement was illegal is a mere conclusion of law. We conclude, therefore, that the complaint does not state facts sufficient to constitute a cause of suit. This result renders it unnecessary to consider the other questions presented.

The decree is reversed and the cause remanded for further proceedings not inconsistent herewith.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.