Argued December 11, 1924, affirmed January 2, 1925.

## ETHEL RASMUSSEN *v.* WALTER RASMUSSEN.

### (231 Pac. 964.)

**Divorce—Paramount Consideration in Deciding Question of Custody is Child's Welfare.**

1. In deciding question as to custody of minor child of divorced parents, paramount consideration is child's welfare.

**Divorce—Decree Adjudicating Custody of Child Final Until Conditions Change.**

2. Divorce decree adjudicating custody of minor child *held* final, so long as conditions then existing remain unchanged: Section 756, Or. L.

**Divorce—Decree Awarding Custody of Child to Father Affirmed.**

3. Decree awarding custody of nine year old son of divorced parents to father, as provided by original divorce decree, with certain modifications as to visitation by mother, affirmed, in view of father's second marriage and establishment of home on farm, and trial court's better position to judge of fitness and adaptability of parties to care for, control and direct child.

From Polk: H. H. BELT, Judge.

Department 2.

'AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Robin Day.*

For respondent there was a brief and oral argument by *Mr. Oscar Hayter.*

BEAN, J.—On May 2, 1921, a decree of divorce was rendered by the Circuit Court for Polk County in favor of defendant Walter Rasmussen and against the plaintiff Ethel Rasmussen, now Ethel Sowers, after the plaintiff had withdrawn her complaint for a divorce. The care and custody of Leroy Rasmussen,

---

1. Right of court to deny custody of child to parent for its well-being, see note in 41 **L. R. A. (N. S.)** 564. See, also, 9 **R. C. L.** 475.
2. See 9 **R. C. L.** 476.

minor child of the parties, who was born on the fourteenth day of January, 1916, was awarded to the defendant Walter Rasmussen. The plaintiff was given the right to visit with the child and "to have said child visit with her at any and all reasonable times and places." The order provided the child should not be removed from the State of Oregon without the written consent of the court.

On the application of defendant Walter Rasmussen for a modification of the decree relating to the custody of the child, so as to eliminate from the provisions of the order that the plaintiff has the right "to have said child visit with her"; and upon a counter application made by plaintiff praying that the future care and custody of the minor child be awarded to her after hearing the testimony on September 23, 1922, the court granted the application of defendant Walter Rasmussen and decreed that the care, custody, nurture, education and control of Leroy Rasmussen, minor child of said parties, be committed and awarded to the defendant Walter Rasmussen until the further order of the court; provided

"That the plaintiff may visit with said child at the home of the defendant once in every two weeks and for one hour in each visit, if she shall so desire, and shall give the defendant notice in writing of each intended visit at least five days prior thereto.

"(2) The defendant and his wife shall remain absent from the room while plaintiff is visiting with said child under the privileges hereby granted."

The decree provided the plaintiff shall not remove the child from the home or custody of the defendant; that the defendant should not remove the child from Polk County, Oregon without the written consent of the court. The plaintiff appeals from the order

modifying the provisions of the decree denying her application for custody of the minor child.

It appears that since the rendition of the decree of divorce both of the parties have made new marital alliances. The defendant Walter Rasmussen resides with his present wife on a farm near Dallas, Oregon. The plaintiff Ethel Sowers resides with her husband in Salem, Oregon.

1. In deciding this delicate question the paramount consideration is the welfare of the child: *Leon* v. *Leon,* 79 Or. 348, 349 (155 Pac. 192). The original decree awarded the custody of the child to the father. As a matter of fact, during a considerable part of the time which elapsed after the divorce until the present hearing the boy has been first with the father for a time and then with the mother. We are not certain that such divided control has been for the best interest of the child.

2, 3. The original decree adjudicated the custody of the minor child. That decree has become final so long as the conditions then existing remain unchanged: *Merges* v. *Merges,* 94 Or. 246, 253 (186 Pac. 36); Or. L., § 756. A careful reading of the testimony does not disclose that the circumstances and conditions relating to the matter of the care, custody, nurture and education of the boy have so changed as to render it advisable or necessary to place him in the custody of some person other than the father. The boy is now about nine years old. Since the divorce of the parents the father has married the second time and established a home on a farm about two miles from Dallas, Oregon, and it is believed that with the aid of his wife he is better able to provide a home for the boy and give him proper training and education than he was when the separation of the parents was decreed. The trial court

was in a better position than we are to judge of the fitness and adaptability of the respective parties, for caring for, controlling and directing the child.

Under the supervision of the trial court and as provided in the decree, Leroy Rasmussen, the minor child, should remain in the custody of his father, Walter Rasmussen, until circumstances render it expedient that a change should be decreed: *McKay* v. *McKay,* 77 Or. 14 (149 Pac. 1032). The decree is affirmed.                                  AFFIRMED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.