## Parallie McNeeley v. H. N. McNeeley.

(Decided March 25, 1927.)

### Appeal from Caldwell Circuit Court.

1. Divorce.—Court of Appeals held unauthorized to disturb decree of chancellor awarding husband a divorce on his cross-action.

2. Divorce.—In action for divorce, custody of infant daughter should not be divided between parents, but should be awarded to mother, with opportunity to the father to visit at reasonable times.

ALVIN LISANBY and R. W. LISANBY for appellant.

J. ELLIOTT BAKER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming in part and reversing in part.

This is a divorce and alimony proceeding. The wife instituted the action for absolute divorce and custody of the infant daughter, and alimony on the grounds of cruel

and inhuman treatment.  The defendant answered denying the cruel and inhuman treatment, averring that he and his wife lived together for more than fifteen years, but that shortly after their marriage he suffered a sunstroke, wholly and permanently disabling him from performing any kind of labor on the farm or elsewhere, and that he had been confined to his home and sometimes to the bed; that his wife refused to wait upon him in his illness and stated to him that she did not want him to call on her for anything and that she was tired of him.  He asked that the petition be dismissed and that he be awarded the custody of the two children, Clifton McNeely, fifteen years of age, and the infant daughter, Willie McNeeley.  Later he filed an amended answer wherein he averred that the wife had abandoned him four years previous to the commencement of the action and had ever since failed and refused to live with him, and prayed absolute divorce and custody of the children.  The court adjudged the plaintiff's petition be dismissed and that the defendant have divorce upon his counterclaim; that the infant daughter be in the custody of the mother for two months at a period, and then in the custody of the father for one month at a time, while the custody of the boy was given to the father altogether.  The mother was awarded $5.00 per month for the support of the child for such months as it was left with her.  From that judgment the wife appeals.

Appellant complains that the husband was allowed to introduce evidence of immoral character on the part of the wife without an averment to that effect, in his counterclaim.  The husband did not aver that his wife was guilty of lewd and lascivous conduct, but some of the witnesses who testified upon the subject of abandonment of the husband by the wife stated, in substance, that the wife appeared to be tired of the husband because he was an invalid, and that she was receiving the attention of other men, including a farm hand who had been in the employ of the husband.  The evidence of unchastity is not very convincing.  There is, however, much evidence to show that the wife abandoned the husband by quitting his bed and living in another part of the house for some three or four years before she instituted this action.  She admits that she did not occupy his bed or room, but says that it was because of his ill-treatment.  The fifteen-year-old son testified, saying that he lived at the home and

slept in the same room where the parents formerly slept and where his father continued to sleep, but that his mother had moved to another part of the house and had not slept in that room for three or four years. His testimony also shows that appellant was very unkind to appellee and that she had finally left the home and was living with her father.

The court cannot disturb the decree of the chancellor awarding divorce to the husband. We are of opinion, however, that it would not be best for the child, the infant daughter, for the custody to be divided between the father and mother, as indicated by the judgment of the lower court. Such control by divorced people is calculated to keep up confusion and to make the child the basis of many quarrels between the parents and consequently render its life unhappy and discontented. For this reason we have concluded that the custody of the infant daughter should for the present be awarded to the mother, with opportunity to the father to visit and see it at reasonable times. The chancellor, however, should retain control over this part of the judgment so as to protect the best interest of the child. To this extent the judgment is reversed, but in all other respects the judgment is affirmed.