Argued January 27; affirmed February 7, 1933

BORIGO *v.* BORIGO

(18 P. (2d) 810)

A. C. *Hough,* of Grants Pass, for appellant.

*James T. Chinnock,* of Grants Pass, for respondent.

BEAN, J. On August 1, 1928, a decree was rendered by the circuit court for Josephine county, awarding defendant Edna Borigo a divorce from plaintiff A. W.

Borigo and awarding the care and custody of two minor daughters, Evelyn and Donna, to the mother, requiring plaintiff to pay $25 per month for the support of each minor child until she reached the age of 16 years.

On March 21, 1931, A. W. Borigo filed a motion in the circuit court for a modification of the decree so as to award him the custody of Donna Borigo and annulling that portion of the decree requiring defendant to pay $25 for the care of each of said minor children. The circuit court refused to modify the decree and plaintiff appealed.

It appears that Mrs. Borigo is a teacher and for a time was away in Alaska teaching school and had the older child, Evelyn, with her but left Donna in the care of plaintiff's mother for some time, who resides with plaintiff A. W. Borigo. For a month or so at a time Donna has been with her mother, but most of the time with plaintiff's mother. It further appears that either plaintiff or defendant would take good care of the children and each of the parents is respectable and nothing appears against the character of either. The plaintiff has remarried since the decree. Whether or not Donna would fit into the new family in a proper way is a matter of conjecture. Mrs. Borigo has for a time been connected with Monmouth Normal school and has had both of the children with her.

 In awarding the custody of minor children of divorced parents the welfare of such minor children is the paramount question for the court to consider. The modification of a decree for the care and custody of minor children of divorced parents must be based upon some change in circumstances relating thereto or occurring since the rendition of the original decree, or

upon some fact not known at the time of such decree. *Wells v. Wells-Crawford,* 120 Or. 557, 564 (251 P. 263, 251 P. 907). The decree fixing the custody of a child is, however, final on the conditions then existing, and should not be changed afterward unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child. 9 R. C. L. 476, § 291.

■ The plaintiff A. W. Borigo has not shown, and the record does not disclose in any way, that there has been any change in the circumstances relating to the minor child occurring since the decree of divorce was rendered, or any material facts existing at the time of the decree unknown to the court that would warrant a modification of the decree.

■ We think the court was wise in refusing to change the care and custody of Donna Borigo, a girl of the age of about twelve years. Everything else being equal, we think the mother should have the care of a female child of tender years.

A careful examination of the testimony and record leads us to believe that the decree of the court refusing to modify the divorce decree was right and just.

The decree is therefore affirmed.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.