## ZOE L. McCANN v. GEORGE R. McCANN

[No. 34, April Term, 1934.]

*Decided June 12th, 1934.*

The cause was argued before BOND, C. J., URNER, AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*J. Calvin Carney,* for the appellant.

*Benjamin Kann,* for the appellee.

PARKE, J., delivered the opinion of the Court.

In a proceeding wherein there was an original bill for divorce *a mensa et thoro* by the wife on the ground of abandonment and desertion, and a prayer for the care and custody of a minor daughter, and later a cross-bill by the husband seeking a divorce *a mensa et thoro* on a similar charge against the wife and the custody of the minor, the chancellor, on January 30, 1933, dismissed the complaint of the wife, but retained jurisdiction over the minor child and decreed the divorce *a mensa et thoro* of George R. McCann, the husband, from the wife, Zoe L. McCann. The decree awarded the care and custody of the minor child, Evelyn Z. McCann, to the mother from March 1st, 1933, with the right of the father to see the child at all reasonable times, and ordered the father to pay to the mother the sum of four dollars a week for the care and maintenance of the child, subject, as to all the terms of the decree with respect to the child, to the further order of the court.

The husband became dissatisfied with the conduct of his wife in reference to his opportunities to see the child, and, on May 31st, 1933, filed a petition for a modification of the decree with respect to the custody of the infant. The mother answered, and the question was heard before the chancellor, and, after hearing the witnesses, the decree was ratified and confirmed on October 19th, 1933, in so far as it concerned the custody of the child. Upon further consideration, the court, on October 31st, modified its decree by providing: That the infant daughter should remain with the mother at her home in Allegany County, Md., every year from September 1st, the opening of the fall term of school, until June 1st, the ending of the spring term of school; that the infant should be delivered by the father to the mother at her home at the beginning of every term and called for at its ending; that during the period from June 1st to September 1st

of every year the infant should remain with the father; that during the period the child is with the mother, the father should have the right to visit the child and have her with him twice during every month, and the child shall not be removed from the county during this period and the visits shall not interfere with the child's schooling; and while the infant is with the father the mother shall have the right to visit the child and to have the child with her twice in every month for one day but, during this period, the child shall not be removed from Baltimore City.

The wife appealed from this decree of October 31st, 1933, and petitioned on February 19th, 1934, for an order requiring the husband to pay the costs of her appeal and a reasonable counsel fee for her solicitors. The husband answered and denied the right of the wife to these allowances, and testimony was offered before the chancellor, who on March 6th, 1934, refused the application and dismissed the petition. On March 9th, 1934, the wife took an appeal from this order, and her two appeals are on this record.

There is no difficulty in sustaining the order from which the second appeal is taken. The husband had obtained a decree *a mensa et thoro* from his wife. The time for an appeal from that decree was suffered to pass, and the mother's resistance to the motion of the father for a modification of the decree of court awarding her the care and custody of the infant was, on the face of the pleadings, in her own defense, and not primarily in behalf of the infant. She answered in her own name by a solicitor whose appearance was for her personally, and throughout the entire subsequent proceedings the litigation was conducted with the father and mother as the adverse litigants. The application for the payment of the costs of appeal and counsel fees was made after the mother had entered the appeal in her own name, and it was grounded on her own financial position, which she averred rendered her unable to prosecute the appeal or

to compensate her solicitor for his services. There seems to be no equitable basis for the petition, and the chancellor's order refusing to require the father to advance the costs of appeal and counsel fee and dismissing the petition will be affirmed. See *Carter v. Carter*, 156 Md. 500, 508-510, 144 A. 490; *Kriedo v. Kriedo*, 159 Md. 229, 232-236, 150 A. 720.

The decree of the court from which the other appeal was taken divided the care and custody of the daughter, who was born on June 28th, 1925, between the parents; the mother having the child during the scholastic year, and the father during the residue of the year from June 1st to September 1st. During these periods the parent who did not then have the custody was given the privilege to visit the minor, and to have the company of the child twice in every month. The minor is a girl and of tender years, and for her care, instruction, rearing, and protection needs, especially at the present stage of her life, the mother more than her father. Her mother has her father's comfortable house in the country to take her daughter, where, in a healthful and invigorating climate, with opportunity for a public school education and sufficient religious instruction, the child will be brought up in a respected family and have, with her mother, a good home in which, under favoring circumstances, to mature and develop her character. On the contrary, the father has established no fixed abode, and cannot fill the place of a mother in the upbringing of a daughter, and his occupation would require his absence from his daughter during the day. Moreover, the period prescribed by the decree during which the child would be with the father would be the least healthful and comfortable of the seasons of the year, when a country home is a boon to a child. In fact, throughout the year, the physical, moral, and material advantages are with the home of the mother. The court is therefore constrained to hold that the chancellor was mistaken in his decree dividing the custody of the child between the father and the mother. In addition to what has been mentioned, the decree was open to the

objection that it divided the control of the child, which is to be avoided, whenever possible, as an evil fruitful in the destruction of discipline, in the creation of distrust, and in the production of mental distress in the child.

A sensible and devoted father should acquiesce in a good mother having the care and custody of an infant daughter, although incompatability or loss of affection may have resulted in an abandonment by the wife. The husband did not act so sensibly. The record discloses so unreasonable, persistent, and objectionable insistence by the husband on his right to see the child, after he had obtained the divorce, that the mother, who had secured employment, and a home and livelihood for herself and the child with a family in Baltimore, lost her position because of the annoyance given her employer by the conduct of her husband when he came to see the child. It was the embarrassment caused by these acts that, with her father's illness, caused the wife to leave Baltimore and go to her father's house; and, for her final departure, the father is more to blame than any other person. So the father is largely responsible for his own predicament of being at a distance from the child.

Nor do his actions entitle him to much consideration. In addition to his behavior when he visited his child, he has not paid, since June, 1933, the weekly sum of four dollars directed by the decree to be paid the wife for the support and maintenance of the child. It was further shown that his daughter is contented, obedient, and equable in her conduct, except on the occasions of her father's visits and for a brief period afterwards. As the court finds the facts and circumstances of the cause at bar, the welfare of this girl of eight years will be best advanced and assured by awarding her care and custody to the mother, with leave to the father to visit the child at all reasonable times and upon such reasonable conditions as the chancellor may determine. *Kartman v. Kartman,* 163 Md. 19, 22, 161 A. 269; *Bernard v. Godfrey,* 157 Md. 264, 271, 145 A. 614; *Schneider v. Hasson,* 161

Md. 547, 551, 157 A. 739; *Carter v. Carter,* 156 Md. 500, 144 A. 490.

> *Order of March 6th, 1934, affirmed, with costs to the appellee, and decree of October 31st, 1933, reversed, with costs to the appellant, and cause remanded for a decree in conformity with this opinion.*