Argued June 4; modified June 16; rehearing denied July 14, 1936

## SALTZMAN *v.* SALTZMAN
### (58 P. (2d) 617)

*O. C. Roehr,* of Portland, for appellant.

*Dan E. Powers,* of Portland (I. G. Ankelis, of Portland, on the brief), for respondent.

RAND, J. On April 25, 1930, plaintiff obtained from the circuit court for Multnomah county a decree of divorce from the defendant and was awarded the future care and custody of their only child, Betty June, a girl then nearly six years of age and, by the decree, the defendant was required to contribute $25 per month

for the maintenance and support of the child. Both parties reside in the city of Portland and neither has remarried. Instead of providing a home for herself and the child, the plaintiff placed the child in a home for children and took up her own residence in an apartment house and they have lived separate and apart from each other ever since. The defendant, with his father, operates a portable woodsaw in the city of Portland and maintains a home there for himself and his father and mother, all of whom are respectable people and amply able to provide a good home for the child, who is now 12 years of age.

In August, 1934, the defendant filed a motion in the original suit to have the decree modified so as to permit him to have the custody of the child. Upon objections urged by the plaintiff, the defendant's motion was overruled by the court and an order was entered, directing that, until the further order of the court, the child "be and remain at her present place of residence, namely, Mrs. George Chandler, 5746 N. E. Going Street, Portland, Oregon", that being one of the homes in which the child had been placed by her mother. Mrs. Chandler maintains a home for children. It is sometimes referred to as a neutral home and it is admitted that the place is respectable and that the child was well taken care of.

On August 20, 1935, and while the child was at the Chandler home and plaintiff was living in an apartment house separate and apart from the child, the defendant again moved the court to modify the original decree by granting to him the custody of the child. The court thereupon modified the original decree by entering an order directing that the mother should have the custody of the child during the school period of each year and the father during the vacation periods,

and that, during the time the child was in the custody of the one the other should have the custody every other week-end. From this order, the defendant has appealed.

■■ The proof on which the order appealed from was based consists of a number of affidavits filed on behalf of both the plaintiff and the defendant. A careful examination of these affidavits convinces us that the welfare of this child would be best subserved by awarding her to the custody of her father. In motions of this kind, involving the custody of minor children, the primary consideration is the welfare of the children and parental feelings ought not to be controlling if the best interests of the children would be subserved by disregarding them.

Since this divorce was granted, this child has been entirely deprived of any home life with either of her parents and of the natural love and affection that a child receives when in the home of its parents. This child has now reached the age of 12 years and the conditions under which she has lived during the last six years ought no longer to continue. She has now reached the age when she will need the assistance of her father in securing an education. There is no question but that the father is devoted to the welfare of his daughter and there is nothing in the record which convinces us that the mother has made any sacrifices for her child such as mothers ordinarily make for their children. She has been content to live in an apartment house and to "farm" the child out to others. Again, the evidence vitally fails to assure us that a close association of this child with her mother and the example of the mother, even should they live in the same home, would promote the welfare or subserve the best interests of the child.

For these reasons, we think the original decree and the order modifying it should be further modified so as to give the custody of the child to the father, and that the mother should be permitted to visit the child on all reasonable and proper occasions, subject, of course, to the power of the court below to make any further modification of the original decree, if the welfare of the child requires that it should be done.

Decree modified.