Argued March 7; affirmed March 21, 1944

# GALLAGHER *v.* GALLAGHER

(146 P. (2d) 768)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY and HAY, Associate Justices.

*P. J. Gallagher,* of Ontario (P. J. Gallagher and Biggs & Yturri, all of Ontario, on the brief), for appellant.

*Glen R. Jack,* of Oregon City (C. B. McConnell, of Burns, and Butler & Jack, of Oregon City, on the brief), for respondent.

BELT, J.

Plaintiff appeals from an order entered February 16, 1942, modifying a decree awarding the custody of a child.

Plaintiff and the defendant were married in June, 1936. As a result of this marriage, a daughter was born on August 11, 1938. On February 15, 1940, plaintiff obtained a decree of divorce in Malheur county and was awarded the custody of the child. Defendant defaulted and made no appearance but, by the decree, was given the right of reasonable visitation of her daughter.

On February 15, 1942, the defendant mother filed a motion to modify the decree by awarding to her the custody of her daughter. After hearing on the merits, the trial court, on the following day, ordered and adjudged:

"That the decree of divorce entered herein February 15, 1940, be and the same is hereby modified, hereby giving and awarding unto the defendant the custody of Lynne Gallagher, the minor child of the parties hereto, during the months of May, June, July and August of each year prior to the time said minor shall have arrived at school age, and thereafter during the summer and Christmas vacation period of each year, and the privilege of visiting said child at all reasonable times during the remainder of the year, so long as the defendant shall continue to lead a life of abstinence from the excessive use of intoxicating liquors; and the plaintiff shall retain the custody of said minor during each school year and have the privilege of visiting her at all reasonable times while she is with her mother, all until the further order of this court. It is further ordered that the defendant shall call for

and get the child at her expense, and plaintiff shall call for and return the child at his expense."

■ Kindness to all parties concerned—and particularly to the little girl who is the innocent victim of this unfortunate divorce—dictates that there be no recital of the facts upon which the order of modification is based. Suffice it to say, we have given the record careful thought and consideration and have concluded to affirm the trial court in its disposition of this case.

At the time of the order of modification, the trial court was convinced, as evidenced by its findings of fact, that defendant had abstained from the use of intoxicating liquor and was, therefore, entitled to share in the love and affection of her child. We think this conclusion, in the light of the record then before the court, was sound and just.

■■ More than two years have elapsed since the change in the custody was ordered. At present this court is in the dark so far as knowing whether the welfare of the child will best be promoted by such order of modification. Whether, since such order, there has been a substantial change of conditions affecting the welfare of the child, we know not. Be that as it may, the circuit court, by virtue of § 9-914 O. C. L. A., has continuing jurisdiction over the custody of the child until she attains majority. The order of modification is final only as an adjudication based upon the conditions then existing: *Wells v. Wells-Crawford,* 120 Or. 557, 251 P. 263, 251 P. 907; 2 Schouler on Marriage, Divorce and Separation (6 Ed.) § 1897; *Neil v. Neil,* 112 Or. 63, 228 P. 687; 17 Am. Jur. 519, Divorce and Separation, § 684.

The order of modification is affirmed. Neither party will recover costs or disbursements.