Argued October 4; affirmed October 17, 1944

# LEVERICH v. LEVERICH

(152 P. (2d) 303)

Before BAILEY, Chief Justice, and KELLY, LUSK, BRAND and HAY, Associate Justices.

*Francis E. Marsh,* of McMinnville (Vinton, Marsh & Marsh, of McMinnville, on the brief), for appellant.

*E. J. Claussen,* of Tillamook (C. W. Barrick, of Tillamook, on the brief), for respondent.

HAY, J.

The parties to this case were married on August 31, 1935, and, by decree of the circuit court for Tillamook County, Oregon, divorced May 5, 1941. They

have one child, a girl, who is now eight years of age. The defendant, Anna Leverich, made no appearance in the divorce case, and custody of the child was awarded to the plaintiff, Donald Leverich, with the proviso that the defendant might "see said child at all reasonable and seasonable times, and that said child remain within the jurisdiction of the court".

On May 21, 1943, the defendant filed a motion in the circuit court, for an order modifying the decree by awarding custody of the child to her. Affidavits in support of the motion and counter-affidavits thereto were filed, and, in addition, the court received oral testimony submitted by and on behalf of both parties. In due course, an order was entered denying the motion. From such order, the defendant has appealed.

Section 9-914, O. C. L. A., provides in part as follows:

"Whenever a marriage shall be declared void or dissolved, the court shall have power to further decree as follows:

"(1) For the future care and custody of the minor children of the marriage, as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, giving the preference to the party not in fault; * * *".

The trial court in the present case awarded the custody of the minor child of the parties to the plaintiff (respondent here). The decree specifically recited that the plaintiff was a fit and proper person to have such custody, but made no finding as to the defendant's fitness.

■■ Notwithstanding the fact that the statute requires the court, unless otherwise it is manifestly im-

proper, to give preference to the party not in fault in decreeing who shall have the custody of children of divorced parents, this court has generally held that children of tender years, especially girl children, should be awarded to the custody of their mother, even when she is the losing party, unless she is morally unfit. *Barnes v. Long*, 54 Or. 548, 104 P. 296, 25 L. R. A. (N. S.) 172, 21 Ann. Cas. 465; *Griffin v. Griffin*, 95 Or. 78, 187 P. 598; *Wells v. Wells-Crawford*, 120 Or. 557, 251 P. 263; *Borigo v. Borigo*, 142 Or. 46, 18 P. (2d) 810; *Sachs v. Sachs*, 145 Or. 23, 25 P. (2d) 159; *Baier v. Baier*, 172 Or. 83, 139 P. (2d) 562. The status of motherhood is highly revered, and it is not a light matter to deprive young children of a mother's care. This court has said that, "except in very rare cases, the instincts of motherhood can be relied upon to give to a daughter of tender years a measure of loving care and attention which no other person can equal." *McKay v. McKay*, 77 Or. 14, 149 P. 1032. "Mother love", said the supreme court of our sister state of Washington, "is a dominant trait in even the weakest of women, and as a general thing surpasses the paternal affection for the common offspring, and, moreover, a child needs a mother's care even more than a father's." *Freeland v. Freeland*, 92 Wash. 482, 159 P. 698. Bearing these considerations in mind, this court has frequently sustained decrees awarding custody of minor children to their mother, even when she was the party at fault, when a sufficient showing was made that her conduct and character were not such as to be deterimental to the interests of the children. Such children, however, become, in a sense, wards of court, and, in determining which party should have their custody, the court must always consider primarily their welfare. *McKissick v.*

*McKissick,* 93 Or. 644, 653, 174 P. 721, 184 P. 272; *Merges v. Merges,* 94 Or. 246, 186 P. 36; *Rasmussen v. Rasmussen,* 113 Or. 146, 231 P. 964; *Borigo v. Borigo,* supra (142 Or. 46, 18 P. (2d) 810); *Henry v. Henry,* 156 Or. 679, 69 P. (2d) 280.

In the instant case, the evidence indicates that the defendant, after informing her husband that she no longer loved him, but, on the contrary, had become enamoured of another man, left his home, accompanied the other man to California, and cohabited with him there for a considerable time prior to the securing of a divorce by her husband. Upon the divorce decree having been entered, the couple went to Reno, Nevada, and there went through a ceremony of marriage. They afterwards went to the state of Washington, where they now reside, and, after the expiration of six months from the date of the divorce decree, being in doubt as to the validity of their Reno marriage, they went through a marriage ceremony in Washington.

■ The appellant claims that there was some sort of an understanding between the respondent and her, prior to the filing of the complaint in the divorce suit, to the effect that, when the appellant had established herself in a new home, she should have the custody of the child. The respondent does not deny that there was some such understanding. He insists, however, that it would be detrimental to the interests of the child, under present circumstances, to award her custody to the appellant. It is obvious that, in considering the welfare of the child, the court cannot be influenced either by the feelings of the parents or by any agreement or understanding into which they may have entered. *Matthews v. Matthews,* 60 Or. 451, 119 P. 766; *Addison v. Addison,* 117 Or. 80, 242 P. 832; *Fisher v. Fisher,*

133 Or. 318, 289 P. 1062; *Saltzman v. Saltzman,* 154 Or. 178, 58 P. (2d) 617.

■■ Admitting that a mother, by reason of bad moral character, may be denied custody of a child, nevertheless the appellant contends that, to justify such denial, the immorality of the mother must be so gross as to affect the child's welfare. This court, as a general proposition, has so held. *Matthews v. Matthews,* supra; *McKissick v. McKissick,* supra; *Freeland v. Freeland,* supra. As for herself, appellant insists that she is a reformed character, saying in an affidavit, "whatever acts of indiscretion I might have been guilty of prior to the granting of said decree I have fully repented for, and entirely changed my mode and standard of living, and I am now able to properly care (for), raise and educate said child". The question before us, however, is not whether or not appellant's conduct and character are so grossly immoral that they would, by themselves, affect the interests of the child, but rather whether or not the interests of the child would be better subserved by maintaining the status quo than by awarding custody to the mother. More than three years have elapsed since the divorce, and, during that time, respondent has remarried. His present wife, as even the appellant concedes, is an excellent woman, and has been a good mother to the child. The child is happy in her present surroundings, is doing well at school, and, as it seems to us, is in a situation upon which it would be difficult to improve. A fine and tender relationship has grown up between her and her stepmother.

■■ Moreover, the appellant has failed to show a change of conditions, since the entry of the decree, which would warrant the court in modifying it with respect to custody of the child. It is the settled rule that

such decrees are final, and may not be modified unless changed conditions are shown, indicating, to the satisfaction of the court, that the modification would be for the best interests of the child. *Merges v. Merges,* supra (94 Or. 246, 186 P. 36) ; *Griffin v. Griffin,* supra (95 Or. 78, 187 P. 598) ; *Borigo v. Borigo,* supra (142 Or. 46, 18 P. (2d) 810). The burden of making such a showing was upon the appellant, who was the moving party. *Merges v. Merges,* supra. She failed to sustain it. The only showing of changed conditions which she made was that she herself is now married to the man for whom she left her first husband, and that they have acquired a desirable residence. She made no attempt whatever to show that the child's father was in any respect incompetent to care for it. The party seeking the change should show that the other party has become unfit to be the custodian, or, at the least, that the proposed change in custody would result in the child's receiving better care than he is receiving from the other. *McKissick v. McKissick,* supra; *Merges v. Merges,* supra; *Wells v. Wells-Crawford,* supra; *Borigo v. Borigo,* supra; *Sachs v. Sachs,* supra; *Bestel v. Bestel,* 153 Or. 100, 44 P. (2d) 1078, 53 P. (2d) 525. Mere improvement in financial or other material circumstances of the party denied custody of the child is not sufficient in itself to justify a change. *Sachs v. Sachs,* supra.

In a memorandum opinion, the trial judge said, in part, as follows:

"" * * The evidence taken at the hearing in this matter did not show any change in conditions, except that the defendant had married the man for whom she deserted her husband and child and the plaintiff has since remarried and re-established a home.

"These changes do not indicate any reason which would make it beneficial to the interests of the minor child to change the custody at this time. In fact the evidence shows that the father is now in a better position to care for the child than he was at the time the decree was granted and there is no showing that it would be inimical to the welfare of the child to have it remain in the custody of the father.

"On the other hand it seems to the Court, that since the welfare of the child would not be improved it would be inequitable to take this child from a home where it is having excellent care under the supervision of its natural father and placing it in a home dominated by the man who was the cause of the wife's leaving him and the child."

Our own view of the evidence is in accord with that of the trial judge. Such evidence was amply sufficient to support the order denying appellant's motion to modify the decree. *Rasmussen v. Rasmussen,* supra (113 Or. 146, 231 P. 964); *Henry v. Henry,* supra (156 Or. 679, 69 P. (2d) 280). The order, therefore, is affirmed. Neither party shall have costs on this appeal.