Argued at Pendleton January 30; affirmed February 26, 1946

## GALLAGHER *v.* GALLAGHER
### (166 P. (2d) 135)

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY and HAY, Associate Justices.

*P. J. Gallagher,* of Ontario (with Charles W. Swan, of Vale, on the brief), for appellant.

*Glenn R. Jack,* of Oregon City, for respondent.

BAILEY, J. This is an appeal by plaintiff Martin P. Gallagher from an order of the circuit court entered December 18, 1944, denying his motion for a modification of an order of that court relating to the care and custody of a child, the issue of the marriage of plaintiff and defendant Helen W. Gallagher.

The plaintiff and the defendant were married in June, 1936. As a result of this marriage, a daughter, the subject of this controversy, was born on August 11, 1938. On February 15, 1940, plaintiff was granted a decree of divorce in Malheur county and was awarded the care and custody of the child. She, however, remained in the custody of her mother, the defendant, with the consent of the plaintiff, until March 20, 1941, at which time the plaintiff assumed her custody. Since the summer of 1941, she has lived with her paternal grandparents at Ontario, Oregon.

In October, 1941, defendant filed a motion for an order modifying the decree by awarding to her the custody of the child. After a hearing on the merits, the court, on February 17, 1942, entered an order modifying the decree and awarding to the defendant the custody of her daughter "during the months of May, June, July and August of each year prior to the time said minor shall have arrived at school age, and thereafter during the summer and Christmas vacation period of each year, and the privilege of visiting said child at all reasonable times during the remainder of the year, so long as the defendant shall continue to lead a life of abstinence from the excessive use of intoxicating liquors; * * *"

From the last hereinbefore mentioned order, plaintiff appealed to this court, and, on March 21, 1944, the order appealed from was affirmed. *Gallagher v. Gallagher,* 174 Or. 22, 146 P. (2d) 768. Thereafter, and on May 1, 1944, plaintiff filed a motion in the circuit court to modify the order entered February 17, 1942, by giving the exclusive care and custody of the child to him. Defendant also filed a motion asking that she be granted the exclusive custody of the child. These motions came on for hearing on November 14, 1944, and on December 18 of the same year the court denied both motions and approved the order entered on February 17, 1942, ''except for the current year the defendant shall not have the custody of said minor child during Christmas vacation, and furthermore, that during the periods the defendant has custody of said minor child the custody shall be at the home of the defendant's parents, to-wit: At the home of Mr. and Mrs. Waddell, at Stayton, Oregon, until further order of the court, * * *.'' The plaintiff, only, has appealed from this order.

■ Two circuit judges have decided that the interests of this child would be best served by awarding her custody to her mother during the summer months and during the Christmas vacation period. Their conclusions are entitled to great weight inasmuch as, at the hearings over which they presided, respectively, each of them had an opportunity to hear and observe the witnesses, including the plaintiff and the defendant who gave oral testimony. In addition to such evidence, numerous affidavits were presented and considered by them.

■ We have already affirmed the first order of the circuit court which gave to the defendant part-time custody of her minor daughter. The question now be-

fore us is whether there has been such a change in conditions since the entry of that order as to warrant a modification thereof with respect to the custody of the child. The order, which was affirmed by this court, granted to the defendant the custody of her daughter during a part of the year, "so long as the defendant shall continue to lead a life of abstinence from the excessive use of intoxicating liquors." For the period of more than two years prior to the date of the order, from which this appeal was taken, she led a life of sobriety. She is a young woman of good character, unusually industrious, ambitious, capable and efficient, and has held various secretarial positions of trust and confidence.

The following excerpt from *Leverich v. Leverich,* 175 Or. 174, 152 P. (2d) 303, is especially pertinent here:

"Notwithstanding the fact that the statute requires the court, unless otherwise it is manifestly improper, to give preference to the party not in fault in decreeing who shall have the custody of children of divorced parents, this court has generally held that children of tender years, especially girl children, should be awarded to the custody of their mother, even when she is the losing party, unless she is morally unfit. [Citing numerous Oregon cases.] The status of motherhood is highly revered, and it is not a light matter to deprive young children of a mother's care. This court has said that, 'except in very rare cases, the instincts of motherhood can be relied upon to give to a daughter of tender years a measure of loving care and attention which no other person can equal.' McKay v. McKay, 77 Or. 14, 149 P. 1032. 'Mother love', said the supreme court of our sister state of Washington, 'is a dominant trait in even the weakest of women, and as a general thing surpasses

the paternal affection for the common offspring, and, moreover, a child needs a mother's care even more than a father's.' Freeland v. Freeland, 92 Wash. 482, 159 P. 698, 699.''

In *Krieger v. Krieger,* 59 Idaho 301, 81 P. (2d) 1081, where the question of the custody of an eight-year old daughter was involved, the court observed:

"It is the established rule of this court, and other courts as well, that, all other considerations being equal, a child of tender age or a girl of even more mature years can and will be reared, trained and cared for best by its mother. This conclusion needs no argument to support it because it arises out of the very nature and instincts of motherhood; nature has ordained it.''

The plaintiff discusses for the first time in his reply brief the undesirability of dividing the custody of a child. In support of his contention that the child involved in this litigation should be left in the exclusive custody of her father, with the right of visitation by her mother, he cites the following: *Krieger v. Krieger,* supra; *McNeeley v. McNeeley,* 219 Ky. 296, 292 S. W. 798; *Martin v. Martin* (Tex. App.), 132 S. W. (2d) 426; *Campbell v. Campbell,* 96 N. J. Eq. 398, 130 A. 361; *McCann v. McCann,* 167 Md. 167, 173 A. 7; *Larson v. Larson,* 176 Minn. 490, 223 N. W. 789; *Brock v. Brock,* 123 Wash. 450, 212 P. 550; *Logan v. Logan,* 26 Tenn. App. 667, 176 S. W. (2d) 601; 2 Nelson, Divorce and Annulment, 2d Ed., § 15.17, p. 192. In not one of these cases was the mother deprived of the custody of the child. It was recognized by the courts rendering the decisions in those cases that children of immature years are in need of a mother's love and care and should not be deprived thereof except in very rare cases unless she is morally unfit.

■ It is said that "ordinarily it is not conducive to the best interests and welfare of a child for it to be shifted and shuttled back and forth in alternate brief periods between contending parties, particularly during the school term." 2 Nelson, Divorce and Annulment, *ibid*. We are in accord with this statement. In the instant case, however, the child's education is not interrupted; nor is she "shuttled back and forth in alternate brief periods" between her father and mother.

On the record before us, we conclude that it would not be for the best interests and welfare of the child to give exclusive custody to her father. The question whether the exclusive custody of the child should be awarded to her mother is not before us for decision.

The order appealed from is affirmed.