Action by Elizabeth L. Lingel against Nathan B. Maudlin to obtain custody of minor children of the *Page 149 
parties and consequent modification of an order of an Idaho court which gave to defendant the custody of the children subject only to plaintiff's right of visitation at reasonable times and places.
The Circuit Court, Union County, R.J. Green, J., denied the plaintiff's prayer for general custody of the children but did enlarge plaintiff's right of visitation and granted her custody of children for a period of two months during the summer vacation of each year and custody of during the Christmas school vacation on every other year beginning with 1950, and the defendant appealed.
The Supreme Court, Brand, J., reversed the decree in part and remanded the cause with directions to enter decree in conformity with opinion.
This is a suit in equity brought by Elizabeth L. Lingel, the divorced wife of defendant Nathan B. Maudlin wherein the plaintiff seeks an order awarding to her the custody of the minor children of the parties and the consequent modification of the order of an Idaho court which gave to the defendant the custody of said children subject only to plaintiff's right of visitation at reasonable times and places. The Oregon court denied plaintiff's prayer for general custody of the children but did enlarge plaintiff's right of visitation and granted to her the custody and control of the minor children for a period of two months during the summer vacation of each year and the custody during the Christmas school vacation in every other year beginning with the year 1950. The decree also contains certain other provisions limiting and defining the above mentioned rights of visitation and custody. From this decree the defendant has appealed. *Page 150 
On 25 November 1944 the plaintiff secured a divorce from the defendant in the state of Idaho and was granted custody of the minor children, the issue of the marriage. On 22 November 1946 the defendant applied to the Idaho court for modification of the divorce decree so as to award to him the custody of the minor children upon the ground that conditions had changed since the entry of the divorce decree. Upon trial of the issue the Idaho court made findings of fact to the effect that the plaintiff had failed properly to care for, support, train and educate the children during the period of her custody, and that since the entry of the divorce decree she had shown herself unfit, neglectful and irresponsible in caring for the children and that the continuance of her custody would do irreparable harm to the personality and character of the children. It also found that the defendant was a fit and proper person to have the custody of the children and that the welfare of the children required that they be given into the custody of the defendant. The Idaho court on 21 February 1947 entered the decree awarding to the defendant the custody of the two minor children. The plaintiff appealed to the Supreme Court of the state of Idaho which on 2 January 1948 affirmed the lower court. Maudlin v. Maudlin, 68 Ida. 64,188 P.2d 323. The defendant established residence for himself and the minor children in La Grande, Union County, Oregon.
Relying upon the decision of this court in Bartlett v.Bartlett et al., 175 Or. 215, 152 P.2d 402, the plaintiff brought this equity suit as an expeditious form of procedure instead of instituting proceedings in the nature of habeas corpus, for the purpose of securing custody of the children. Plaintiff alleges in her complaint *Page 151 
that there has been a decided change in conditions since the decree of the Idaho court. She alleges that after the Idaho divorce she was compelled to earn her own living and was obliged to leave the children, Beverly Joan Maudlin, now about nine years of age and Bernard Nathan Maudlin, now about five years of age, with her parents; that she has since remarried and is living with her husband on a sixty acre dairy and stock farm near Emmett, Idaho; that there is a comfortable dwelling house on the premises; that her husband is earning a fair livelihood and that she will be able to devote her full time in making a home and caring for the children. She alleges that the defendant has also remarried and that his present wife has a daughter who would now be about five years of age, and in substance that the defendant, her former husband, has no permanent or steady employment and is unable properly to maintain a family of five. She alleges further that the defendant has deliberately and intentionally obstructed and interfered with her reasonable rights of visitation of the children and has never permitted her to be with them except in the presence of the defendant or his wife. The prayer of plaintiff's complaint is for an order awarding the custody of the minor children to her.
The defendant by way of answer alleges that the plaintiff wrongfully interfered with his custody of the children after it had been awarded to him by the Idaho court. He alleges that he is employed as a carpenter, has a comfortable home, that the children are being well taken care of and that the plaintiff is an unfit person to have the custody of the children. In her reply the plaintiff, as further evidence of material change of conditions, alleges that at the time of the *Page 152 
Idaho order awarding custody to the defendant, the defendant resided at Huntington, Oregon, and the plaintiff near Weiser, Idaho, a distance of only fifteen or twenty miles, but that the plaintiff now lives near Emmett, Idaho, and the defendant has moved to La Grande, Oregon, so that the parties now reside about 160 miles apart rendering it difficult to exercise her right of visitation at the home of the defendant.
Defendant assigns as error the provisions of the Oregon decree which give to the plaintiff the right of visitation and which authorize "taking them [the children] from the home of the defendant for such visits for a period of not more than three hours of the fourth Saturday or Sunday of each month, or on both of said days, if she so desires; such visits to be during the day time and at such hours as not to interfere with the normal times of rising and retiring for said children, but otherwise to be at the convenience of the plaintiff." He also complains of the order awarding to the plaintiff the care and custody of the children during the summer months of the school vacation and during the Christmas school vacation in every other year. Defendant asserts that there is no substantial change of conditions warranting a change of custody or any change in the order of the Idaho court and that the order of the Oregon court therefore violated the rule of res adjudicate.
The divorce decree of the Idaho court, in so far as it pertained to the rights of custody and visitation, being subject to modification in that state, was not a final decree. Nor was the Idaho order of modification final. It follows that the full faith and credit clause of the federal constitution did not bar the Oregon court from hearing the case on its merits after the *Page 153 
defendant and the children had established residence in this state. Bartlett v. Bartlett, supra, and cases cited. Nevertheless it was incumbent upon the plaintiff to show that conditions had so changed since the order of the Idaho court as to warrant a change in its provisions. No change of legal custody should be made unless the evidence establishes such change of condition relative to the welfare of the children as justifies modification. Leverich v. Leverich, 175 Or. 174, 152 P.2d 303;Griffin v. Griffin, 95 Or. 78, 187 P. 598. It is true, as alleged, that the homes of the plaintiff and defendant are now further apart than was formerly the case, a circumstance which undoubtedly increases the difficulties involved in the exercise of the right of visitation by the plaintiff, but that change of condition is not one which, in our opinion, materially affects the welfare of the children. We have laboriously reviewed 300 pages of transcript and lengthy exhibits, and are of the opinion that the trial court properly denied the request of the plaintiff for change of custody of the children. No contention is made by the plaintiff that the defendant is an unfit person to have the care and custody of the children. The evidence satisfies us that he is able to assume the burden of their support at his home. On the other hand, the evidence raises serious doubts as to the character of the plaintiff and tends to support the finding of the Idaho court to the effect that she was not a suitable person to have the custody of said children. The evidence also indicates that the conditions found by the Idaho court have continued down to the date of trial of this suit. The defendant offered in evidence a certified copy of the complaint in a suit for divorce brought against the plaintiff by her husband, Lester Lingel. While the allegations in that complaint should not be treated *Page 154 
as proof of the facts alleged, nevertheless the fact that a divorce suit is pending between the plaintiff and her husband is material, especially in view of her allegation that she is living with her present husband who is earning a comfortable livelihood, making it possible for her to devote her full time to the care of home and children. The trial court rejected the offer in evidence of the divorce complaint upon the apparent ground that it was not filed until after the filing of the complaint in the case at bar and the court refused to permit a supplementary pleading to be filed setting up the fact of the divorce suit. The copy of the complaint was nevertheless received under the equity rule and is before us. We think it was admissible in evidence as bearing upon the probable ability of the plaintiff to care for the children if placed in her custody. The evidence of numerous witnesses and certain admissions by the plaintiff establish that plaintiff had herself intended to divorce her present husband for a considerable period of time and had so declared. Other evidence raises serious doubt as to the character and reputation of the plaintiff. We deem it unnecessary to review the testimony in detail. In the opinion of this court the plaintiff has failed to establish by a preponderance of the evidence that any conditions relative to the welfare of the children have materially changed since the order of the Idaho court, with the exception of the matter of visitation rights now to be discussed.
In plaintiff's brief it is emphatically asserted that "all that is really involved in the present appeal is visitation rights". The great bulk of the voluminous testimony heard by the trial court relates to bitter, unreasonable and unjustified controversies and quarrels *Page 155 
between the plaintiff and defendant, involving also plaintiff's parents and the defendant's present wife, concerning the exercise of the rights of visitation. When the plaintiff was in possession of the children during the pendency of the Idaho litigation, the quarrels related to the right of the defendant to visit. In that connection the evidence satisfies us that the plaintiff on several occasions threatened violence, either to the defendant or to the children, if they should be taken from her, although we do not mean to say that she intended to carry out her threats. After the defendant had secured the possession of the children and when the plaintiff attempted to exercise her legal right of visitation, we find that the defendant was as cantankerous and unreasonable as the plaintiff had been. Plaintiff was never permitted to be with the children unless the defendant or his wife was present. We quote the testimony of the defendant Maudlin:
 "Q In other words, to sum it right down, you never would be willing to let her visit those children any place except in your home, about once a month, and in your presence; now isn't that it?
 "A I don't care how often she visits so long as it is a reasonable time, but I wouldn't be willing for her to take them away from home.
 "Q You never would be willing for her to take the children out of your presence?
"A Absolutely not."
This case is typical of many in which bitter enmity arises between the divorced parents of children in connection with the rights of visitation, especially when the divorced mother seeks to exercise her rights in the home and in the presence of her former husband and his present wife. We think the court erred in providing that the plaintiff should have the actual *Page 156 
custody and control of the minor children for two months in the summer and during the Christmas holidays in every other year. If the children are not to become a shuttlecock in the bitter game of competition over their custody and affection they must be assured of settled habits of life. It is through no fault of the children or of this court that they cannot enjoy the concurrent affection of both the father and mother. On the other hand, even if no provision were made in the decree, the plaintiff would have the right of reasonable visitation of the children. Of this she has been wrongfully deprived. The plaintiff is entitled to a decree which will protect her in the full enjoyment of that right and for the purpose of avoiding other disputes, her rights should be made specific. We find that she is entitled to visit either or both of the children at her option; to take one or both of them with her from the home of the defendant for the purpose of such visits; that she is entitled to make such visits on the fourth Saturday or Sunday of each month or on both the fourth Saturday and the fourth Sunday of each month, and each such visit may at her option extend from one o'clock p.m. until 6 o'clock p.m. of each such day. During the period of such visits she may at her option have the children either at the home of the defendant or away from the home of the defendant and in the absence of the defendant or of his wife or of any person representing the defendant.
To the end that the rights herein granted shall be exercised without excess by the plaintiff and without interference by the defendant and without discourtesy by either party, this case will be remanded to the circuit court with directions to enter a decree in accordance with the provisions of this opinion by the terms of *Page 157 
which the plaintiff shall be directed and required to serve notice upon the defendant by mail of any intended visit to the children, such notice to be given at least five days prior to said visit. Plaintiff shall further be required and directed to safely keep said children while in her temporary control for the purpose of visitation, not to remove them at any time to any distance greater than fifty miles from the home of defendant and to safely return them in accordance with the terms of the decree. The said decree shall further enjoin and restrain the defendant from causing or permitting any interference with or interruption of the rights of visitation hereby granted to the plaintiff or until further order of any court having jurisdiction. The said decree shall further provide that the violation of the requirements thereof may be punished as a contempt of court. 27 C.J.S., Divorce, § 316, p. 1184. In accordance with the ruling in the recent case of Levell v. Levell, 183 Or. 39, 190 P.2d 527, we hold that any further failure on the part of either party to comply in good faith with the orders of the decree would also constitute ground for a reconsideration by the trial court concerning the extent of visitation rights. The specific provisions which shall be incorporated in the decree of the circuit court shall be without prejudice to the rights of the parties to make specific voluntary agreements for additional visitations at times other than those specified in the decree. The cause is remanded to the circuit court with directions to enter a decree in conformity with the directions contained in this opinion. Neither party will recover costs. *Page 158