204

Argued April 7, reversed April 14, 1954

## RICKETTS *v.* RICKETTS

269 P. 2d 530

*Bruce W. Williams,* of Salem, argued the cause and filed a brief for appellant.

No appearance was made or brief filed by respondent.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, and PERRY, Justices.

PER CURIAM.

On August 28, 1951, a decree of divorce was granted to the plaintiff in this suit, and by said decree divided custody of the minor daughter of the parties was granted. On February 27, 1952, the defendant filed

a motion for modification of the decree, and on July 15, 1952, an order was made modifying the decree and granting full custody of the minor daughter (then four years of age) to the defendant. From this order the plaintiff has appealed.

The evidence of the defendant discloses that subsequent to the divorce of the parties the plaintiff married one Dale DeVore, and that this marriage took place prior to the six months' prohibition provided by the statute. However, the evidence discloses that the plaintiff and her present husband, Dale DeVore, remarried in the state of Washington after the prohibited time had expired.

There is an allegation made by the defendant to the effect that the child was living in a trailer house, but this allegation was later abandoned.

There is some evidence attacking the plaintiff's character, but the evidence is highly speculative and the defendant admits that the plaintiff is a good mother.

We have carefully considered the entire record in this matter, since the courts are always interested in the welfare of minor children, and there is nothing in the record that would indicate there has been any material change of conditions subsequent to the divorce of these parties that would in anywise affect the welfare and well-being of the minor child. *Leverich v. Leverich*, 175 Or 174, 152 P2d 303. Therefore, the order of modification of the circuit court is reversed.

Before LATOURETTE, Chief Justice, and LUSK, TOOZE and PERRY, Justices.