Argued March 19, affirmed April 15, 1924.

## G. A. VORPAHL v. LARETTA H. VORPAHL.

(224 Pac. 830.)

**Divorce—Custody of Child Changed After Divorce, When for Child's Best Interests.**

Where, after decree of divorce, the father did not give a young girl in his custody the care and attention that her situation demanded, and it will be for her best interests and present happiness to be with her mother, a change of custody will be granted.

From Multnomah: Robert G. Morrow, Judge.

Department 1.

This is an application for the change of custody of Helen Vorpahl. The facts appear as follows: On July 3, 1915, plaintiff and defendant were husband and wife and on that day a decree of divorce was granted at the suit of the plaintiff. There were two children—one child, Helen, aged six years, and Hazel, aged three. The decree of divorce gave the custody of the younger child to the defendant, Laretta Vorpahl, and the older child, Helen, to the custody of the father. Mrs. Vorpahl was subsequently married to one Chester J. Bagley, with whom she is still living. She makes this application for the change of custody of the child Helen, who is now about fourteen years old, and alleges various reasons occurring since the divorce from her husband, G. A. Vorpahl, why such custody should be granted to her.     AFFIRMED.

For appellant there was a brief and oral argument by *Mr. W. L. Cooper.*

Right to deny custody of child to parent for its well-being, see notes in **Ann. Cas.** 1914A, 740; 41 **L. R. A. (N. S.)** 564.

For respondent there was a brief over the name of *Messrs. Christopherson & Matthews,* with an oral argument by *Mr. Q. Matthews.*

McBRIDE, C. J.—We have carefully considered the testimony in this case and agree with the Circuit Court that the child Helen has not been receiving the care and attention that a child of her situation demands. All things considered, it will be not only for her best interests, but for her present happiness, to be in the custody of the mother.

It is needless to discuss in detail the evidence which was submitted to the court below. It would add nothing to the sum of legal knowledge and be of no advantage to the parties to the suit, to the public, or to the profession, and therefore a discussion of the testimony is omitted.

The decree of the lower court is affirmed.

AFFIRMED.

BROWN, RAND and COSHOW, JJ., concur.