Argued September 8; reversed September 19; rehearing denied
October 17; petition to recall mandate denied November 9, 1933

# SACHS *v.* SACHS

(25 P. (2d) 159, 26 P. (2d) 780)

*Austin F. Flegel, Jr.,* of Portland (Reynolds, Flegel & Smith and F. P. Keenan, all of Portland, on the brief), for appellant.

*Clarence J. Young,* of Portland (Dey, Hampson & Nelson, of Portland, on the brief), for respondent.

CAMPBELL, J. On March 23, 1931, plaintiff filed in the circuit court for Multnomah county, a complaint for divorce, in which after alleging the marriage, the issue thereof, a boy then one year old, charged defendant with cruel and inhuman treatment, rendering her life burdensome and unbearable. This treatment consisted of a roving disposition on the part of defendant and a refusal on his part to settle down and make a home. She set out in detail the various places visited in Europe, Canada and this country. The substance of her allegations is that he kept her constantly on the move. She also charged him with gross and habitual drunkenness, a habit acquired since marriage.

She asked for a decree of divorce; that she be awarded the permanent care and custody of the minor child and $100 per month for his maintenance.

On March 27, 1931, defendant appeared in said cause by his counsel, A. I. Bernstein, and consented that said suit be tried as a default proceeding without further notice to defendant of the time and place of said trial. Thereafter the cause came on for trial. Plaintiff introduced evidence tending to support the allegations of the complaint. On the trial there was introduced in evidence a written agreement which was made and entered into between plaintiff and defendant on March 21, 1931, settling their property rights and providing for the care and custody of the child. This agreement, after stating the disposal of the property rights, proceeds:

"Nothing herein contained shall be deemed nor construed as a waiver on the part of the party of the second part of her claim to support and maintenance by the party of the first part, and for the support and maintenance of the minor child of the parties hereto, and to that end the parties agree as follows:

"The party of the first part shall pay to said party of the second part the sum of One Hundred ($100.00) Dollars on the first day of each and every month commencing with the month of April, 1931, for the support and maintenance of Lawrence Harold Sachs, the minor child of the parties hereto, so long as said minor child shall be in the custody of the party of the second part, and said payments shall continue during the minority of said child, and in case any decree of divorce is entered between the parties hereto said provision for the support of said child shall be embodied therein.

"It is agreed between the parties hereto that the said party of the second part is in all respects a fit and proper person to have the care and custody of said

minor child, and in any proceeding involving the custody of said minor child, provision shall be made whereby the care and custody of said minor child be awarded to the party of the second part, with permission granted to said party of the first part to have said child once each year during the long summer vacation period after the child shall reach the age of six (6) years, the expense of such visits, together with the expense of a suitable person to accompany said child from the place where he may be to the place of residence of the party of the first part and to return said child to the custody of the party of the second part, to be borne by the party of the first part, said custodian to be selected by the party of the second part; in addition thereto said party of the first part shall have the right to visit said minor child at all reasonable times at whatever place said child may be.

"The party of the first part further agrees to pay the party of the second part by way of maintenance and support and in lieu of all other claims, rights or demands by the party of the second part against the party of the first part the sum of Twenty-three Hundred Seventy-five Dollars ($2,375.00) in cash, payment thereof to be made forthwith upon the execution of this agreement, and to further pay the necessary expense and freight charges for the shipping of certain household effects, property of the party of the second part as hereinbefore provided, and now in storage in the city of San Francisco, California, from the storage warehouse where the same are now located to Stockholm, in the Kingdom of Sweden, and said party of the first part does further agree to pay the reasonable living expense of the party of the second part at the Sovereign Hotel in the City of Portland, Oregon, to and including the 25th day of March, 1931, being the date on which said party of the second part contemplates leaving Portland, Oregon, for her family's home in the Kingdom of Sweden."

The property settlement in this agreement was accepted by the plaintiff in full settlement of any prop-

erty rights that she might have against the defendant in any suit that might thereafter be instituted for divorce or separate maintenance or attorney's fees or costs or any sums whatsoever. In arriving at this agreement, plaintiff was represented by her attorney and defendant was represented by his attorney, a reputable lawyer of San Francisco, California.

After hearing the testimony, the court, on March 27, 1931, entered a decree in conformity with the foregoing agreement of the parties which so far as being pertinent to the matters under consideration at this time, is as follows:

"It is further considered, ordered, adjudged and decreed that plaintiff be, and she hereby is granted the sole and exclusive care and custody of Lawrence Harold Sachs, minor child of plaintiff and defendant, subject to the right of defendant to visit said child at the residence of plaintiff at all reasonable times and occasions and subject further to the right of defendant to have said minor child visit defendant during summer school vacation periods after said minor child shall reach the age of six years, provided that in the event defendant shall elect to have said minor child visit defendant during said summer school vacation periods, said defendant shall first pay to plaintiff the reasonable expenses of such visits, together with the reasonable expense of a suitable person to be selected by plaintiff to accompany said child from the place where he may be to the place of residence of the defendant and to return the said child to the custody of plaintiff at her place of residence;

"It is further considered, ordered, adjudged and decreed that defendant pay the plaintiff as and for the support and maintenance of said minor child, Lawrence Harold Sachs, the sum of $100.00 per month commencing on the first day of April, 1931, and monthly thereafter on the first day of each subsequent month until said minor child shall reach the age of twenty-one years."

On December 31, 1931, defendant filed a motion asking that the decree be modified and that he be awarded the sole and exclusive care and custody of Lawrence Harold Sachs, the minor child of plaintiff and defendant, subject to the right of plaintiff to visit said child at the residence of defendant at all reasonable times or that defendant be awarded the care and custody of such minor child during the portions of each year during its minority; that said child be required to remain in the state of Oregon.

In support of this motion, he filed his own affidavit in which he deposed in effect that at the time he executed the property settlement, introduced in evidence, he was ill with influenza and pneumonia; that he was in a highly nervous, run-down and exhausted condition and was not himself mentally; that at the time he signed it, he was in such a nervous and exhausted condition that he did not realize what he was doing and particularly did not realize that he would not have the custody of the child at any time during the first six years of his life; that he did not appreciate the fact that plaintiff was at liberty to keep the child indefinitely beyond the confines of the United States; that his mental condition, at the time of signing said document, was such that he was highly suggestible; that he would have signed any document placed before him without any reflection whatsoever; that his physical and mental condition was the same at the time he signed and swore to his appearance and consent which was filed in said cause. He then intimates, in his affidavit, that his counsel misled him into signing the agreement and consent.

If the averments in his affidavits are true, it would tend to establish that "he was powerfully weak-

minded'' at the time of executing the property settlement and custodial disposition of his child.

He further swears that the allegations in the complaint, regarding his roving disposition and drunkenness, and the testimony given in support thereof, are false and untrue. He further swears that he came to Portland a day or two after the decree was entered and on March 30, 1931, three days after the decree was entered, he examined the complaint and learned its contents.

There is nothing in his affidavit which shows or tends to show that the plaintiff is an unfit or improper person to have the custody of her child.

In addition to his own affidavit, he filed the affidavits of sixteen other persons tending to prove the averments of his affidavits, none of which are as favorable to his assertions as his own affidavit.

The plaintiff thereafter filed her own affidavit and the affidavits of fifteen others tending to establish the falsity of defendant's averments.

■ In awarding the custody of a child, in a divorce proceeding, unless otherwise manifestly improper, preference should be given to the party not in fault. Oregon Code 1930, § 6-914. If this decree of divorce is to stand, then the defendant was the one at fault.

■ ''The controlling consideration, paramount above all others, is the welfare of the child. It is not a chattel like pigs, chickens or furniture, to be divided between the divorce litigants on the bases of monetary value; neither is its custody to be made the vehicle for the continuation of their antagonisms and resentments toward each other''. Merges v. Merges, 94 Or. 246 (186 P. 36); McKissick v. McKissick, 93 Or. 644 (174 P. 721, 184 P. 272).

■■ Where the wife gets the decree of divorce and there is no showing that she is not a fit and proper person to have the care of her minor son, one and one-half years of age, the custody should be awarded to her. *Leon v. Leon,* 79 Or. 347 (155 P. 189). So long as the conditions and circumstances surrounding the child and parties remain unchanged, courts should not modify a decree regarding the custody of the child. *Rasmussen v. Rasmussen,* 113 Or. 146 (231 P. 964).

■ It would serve no useful purpose to quote at length the affidavits filed in behalf of each of the parties to this cause. Suffice it to say we have read them all carefully. We agree with the circuit court that plaintiff is a fit and proper person to have the custody of her own son, and that she is a woman of good moral character. No one has intimated that she was not a good kind mother to her boy. No one has said that she subjects the child to neglect and abuse.

"3. Every child of tender years should be awarded to its mother unless she is grossly immoral or subjects the child to abuse or gross neglect, provided she is in other respects at least a fairly good parent". Bulletin No. 8, Court of Domestic Relations, Multnomah County, Oregon.

In all probability this court would not approve the foregoing rule without qualifications, realizing that each case must be determined according to its own peculiar circumstances, but we see no reason why it should be departed from in the instant case.

■ The affidavits show no change in the conditions or circumstances from that which surrounded the minor child at the time of the decree that should cause any modification thereof. It appears the defendant's physical and financial condition has improved. He is more

able to pay for the maintenance of his son. It also appears that the plaintiff is now married to "a sober, industrious and very capable business man" who comes from a splendid family. These are not such changes as would justify the court in modifying the decree.

The order modifying the decree will be set aside and one entered restoring the original decree entered in conformity with the agreement of the parties.

It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.

Petition to recall mandate denied November 9, 1933
ON PETITION TO RECALL MANDATE
(26 P. (2d) 780)

CAMPBELL, J. Respondent has petitioned this court to recall its mandate for the purpose of correction.

The appeal is from the order of modification. It appears that there were two provisions in the decree of which appellant made no special complaint in her notice of appeal. The mandate made no mention of these provisions. One was "that plaintiff cause said minor child to be taught to speak the English language".

■ Courts do not direct in what language a child living abroad shall be instructed, so long as the child is given an opportunity to receive an education equivalent to that which he would get in this state.

■ The decree appealed from also contains the provision: "That the matter of a college education for said child as it approaches the age of entering college, is expressly reserved for further decision of this court."

This provision is superfluous. The court retains jurisdiction over the child without the necessity of such a reservation. *De minimis non curat lex.*

Respondent also informs us, in his petition for recall of the mandate, that while the cause was pending in this court the circuit court made further modifications in the decree of March 27, 1931. However, such modification is not before this court and we, therefore, take no notice of it. The mandate will not be recalled.

RAND, C. J., BEAN and BAILEY, JJ., concur.