Submitted on briefs May 3; reversed June 2;
rehearing denied June 29, 1937

## WARD *v.* WARD
(68 P. (2d) 763, 69 P. (2d) 963)

*A. L. Fletcher*, of Nyssa, for appellant.

*Lytle & Coad*, of Vale, for respondent.

CAMPBELL, J. On February 26, 1935, a decree was entered in the circuit court for Malheur county dissolving the marriage contract then existing between plaintiff and defendant, and making provision for the care, custody and control of their minor children. This decree gave the custody of their three minor children for six months, commencing September 1, to plaintiff, and for six months, commencing March 1, to defendant, of each year; and ordered defendant to pay plaintiff the sum of $20 per month for the support of said minor children during the time they were in the custody of plaintiff; ordered that the children remain within the jurisdiction of the court until further order of the court; and

"* * * that in the event of the remarriage of said plaintiff, the said plaintiff shall relinquish all claim to the payment of said monthly sum as support money directly to her, but the defendant shall remain liable for the support of said children at all times, and shall, in the event of such remarriage by plaintiff, to another, have the right to provide for them directly himself.''

On March 7, 1936, plaintiff filed a motion supported by affidavit asking that the decree be modified so as to award her the custody of their minor child, Delma. Defendant filed a counter-affidavit opposing said motion. Thereafter the parties stipulated and, based thereon, the court made a temporary order awarding the temporary custody of Delma to the plaintiff and continuing the matter for further hearing.

On June 26, 1936, plaintiff filed a further motion asking for a further modification of the decree in that "* * * the restriction against removal of the children from the jurisdiction of the court be vacated".

This motion is supported by plaintiff's affidavit substantially setting forth the following facts: That, since the entry of the decree above mentioned, plaintiff has married one Earl Larsen who has been and is employed by a company engaged in the contracting and construction business; that, at the time of the filing of the affidavit, plaintiff's husband has been transferred to Oakridge, Nebraska, where he will be engaged for many months and where their home is now situated, and, as soon as his work there is completed, he will be transferred elsewhere;

"That to be refused leave to take my children from the jurisdiction of this court will, without just cause, deprive me of the care, custody and comfort of my said children or deprive me of the protection, support and companionship of my husband in the event I must remain in Oregon to be enabled to enjoy my children;"

Defendant thereafter on October 18, 1936, answered plaintiff's motion by filing a counter-motion asking that the decree be modified so as to award him the care, custody and control of said children. This motion was supported by defendant's affidavit in which he alleges: That the decree as entered provided that, in

the event of the remarriage of plaintiff, the plaintiff shall relinquish all claim to the support money paid to plaintiff for the benefit of the minor children and that the defendant shall ''have the right to provide for them directly himself.''; that the plaintiff has married one Earl Larsen who is employed in construction camps and at the present time is in Nebraska; that Larsen has no permanent abode and has provided the plaintiff with no home suitable for the children; that said Earl Larsen will move from one construction camp to another and will force the children to live among a group of rough and uncouth men, far from proper school and educational facilities; that the plaintiff intends to rejoin her husband in Nebraska and take the children with her; that Earl Larsen is not a fit person to have the custody and control of said children; that the defendant is not financially able to support the children away from the home he maintains; that his home is a suitable place for the children; that in case the children are removed to Nebraska he will be put to great expense in order to have them with him and he is not able to incur such expense; that plaintiff was well acquainted with the terms of said decree and married the said Earl Larsen with full knowledge thereof.

The matter came on before the court for hearing on the affidavits supporting the motion and the counter-motion, and after considering the matter the court made an order modifying the decree in that:

''* * * the plaintiff * * * and the defendant * * * shall each have the care, custody and control of said minor children * * * each alternating year, beginning with September 1st, 1936, and that the plaintiff shall have the care, custody and control of said children beginning September 1st, 1936, for the year ending August 31st, 1937;''

The court further decreed that the plaintiff, during the time that the children are in her custody, might take the children outside the jurisdiction of the court, and that the plaintiff file a bond:

"* * * conditioned that the plaintiff will comply with the conditions of the decree with respect to the care, custody and control of said children and such further amendments and modifications to the said decree as may be made by the Court, and will return said children to the jurisdiction of this court at her own cost and expense in accordance with this and any other further order of this court, and that in the event of her failure so to do she will pay the costs and expenses entailed by the defendant in the enforcement of the decree in any other jurisdiction."

■ When a decree dissolving the marriage contract becomes absolute, the court has no further interest in the parties to the suit, other than to require the parties to comply with the decree in relation to the maintenance or support of either party or of the minor children of such marriage. The court retains jurisdiction over the subject matter for these purposes: Oregon Code 1930, § 6-914; *Hertzen v. Hertzen,* 104 Or. 423 (208 P. 580).

■ If the court deems that a stipulation, entered into between the parties, regarding the custody and maintenance of minor children, is for the best interest of the minor children, the court may adopt such stipulation as a part of the decree, and thereafter such decree, in that respect, will not be modified unless conditions of the parties have changed so that such provision would no longer be for the best interests of the minor children: *Sachs v. Sachs,* 145 Or. 23 (25 P. (2d), 159, 26 P. (2d) 780); *Borigo v. Borigo,* 142 Or. 46 (18 P. (2d) 810). In the instant case, it appears that either party is a competent and fit person to have the care and custody of the minor children.

At the time of the entry of the decree, the plaintiff lived in Nyssa, Malheur county, Oregon, and the defendant lived on a ranch about two miles therefrom. While the children lived in Nyssa with plaintiff, they attended school in that town. When the custody of the children was changed from the plaintiff to the defendant, the children went to live at defendant's home, and were transported to the same school in Nyssa by a school bus which picked them up directly in front of their father's home. Thus, their school routine remained uninterrupted by the change in custody.

Plaintiff's marriage to her present husband has somewhat altered the conditions existing at the time of the rendition of the decree. It appears that her present husband is employed by a construction company which has contracts in different parts of the country. At the time the motion was filed, his work had called him to the state of Nebraska. The plaintiff being anxious to live with her husband, desired to be permitted to take the children out of the state of Oregon and the jurisdiction of the court, to the state of Nebraska. It seems that the court had in mind at the time he rendered the original decree, that such a change might take place, consequently the court guarded against the effect that such change might produce. This was done by the provision in the decree which recites that in the event of the remarriage of plaintiff, the plaintiff shall relinquish all claim to the support money paid by defendant for the benefit of the minor children and that the defendant shall "have the right to provide for them directly himself".

The principal reason given by plaintiff for the modification of the decree is that unless she is permitted to take the children out of the state and the

jurisdiction of the court, she will be deprived either of the control and companionship of said children or she will be required to remain in the state and lose the companionship, support and protection of her husband. We do not think that the mere convenience of the plaintiff would justify the taking of the children from the jurisdiction of the court.

It is true that a bond is required of plaintiff requiring that she pay "the costs and expenses entailed by the defendant in the enforcement of the decree in any other jurisdiction".

■■ This is not a very satisfactory protection to afford the father. Plaintiff knew the terms of the decree at the time she entered into her second marriage, and we do not think it would be for the best interests of the minor children that their place of abode should be changed every time their stepfather transferred from one job to another. Plaintiff having established a home outside of the state, the children should be left in the custody of their father where they will have an opportunity of completing their common school education in one school and with their present classmates. We believe that this course would be for the best interests of the minor children; that is the controlling and paramount factor to be taken into consideration: *Merges v. Merges,* 94 Or. 246 (186 P. 36); *McKissick v. McKissick,* 93 Or. 644 (174 P. 721, 184 P. 272); *Sachs v. Sachs,* supra. It will work no particular hardship on the plaintiff, as she will be entitled to visit her children at all reasonable times; that should the conditions of the parties change, she could apply to the court for appropriate relief.

We are of the opinion that the court erred in modifying the decree so as to permit the mother to take the

children out of the state of Oregon and the jurisdiction of the court.

The order of the circuit court, made and entered August 27, 1936, modifying the original decree, should be and hereby is set aside, and the cause remanded with instructions to enter a decree giving defendant the care, control, custody and maintenance of said minor children.

It is so ordered.

---

Petition for rehearing denied June 29, 1937

ON PETITION FOR REHEARING
(69 P. (2d) 963)

■ CAMPBELL, J. The respondent has filed a petition for rehearing, but in his petition there are no propositions raised that the court did not give full and careful consideration to in the opinion, and the petition for rehearing will be denied.

■ It is further suggested that in the opinion no disposition was made by the court regarding costs and disbursements. Unless the opinion otherwise provides, costs and disbursements in an equity suit are allowable to the prevailing party. However in this cause, after due consideration, we are of the opinion that neither party shall recover costs and disbursements in this court, and the mandate will so provide.