Argued June 1; affirmed June 22, 1937

# HENRY *v.* HENRY

(69 P. (2d) 280)

*W. C. Van Emon,* of Klamath Falls, for appellant.

*J. H. Napier,* of Klamath Falls, for respondent.

BEAN, C. J.  Plaintiff Beulah Henry and defendant Jerome Henry were married in Mt. Shasta City, California, July 23, 1927.  Two children were born: a boy, Jack Henry, age 7, born July 12, 1929, and a girl, Donna Henry, age 2, born June 28, 1934.

On October 14, 1936, the circuit court rendered a decree of divorce in favor of plaintiff, dissolving the bonds of matrimony existing between plaintiff and defendant.  The court further ordered and decreed that plaintiff Beulah Henry have the custody and control of Donna Henry during her minority, subject to the right of defendant Jerome Henry to have said child

with him for a visit on the second Sunday of each month; that the defendant Jerome Henry be given exclusive care, custody and control of Jack Henry during his minority, with the right of plaintiff Beulah Henry to have said minor child, Jack Henry, with her for a visit during the last Sunday of each month until said Jack Henry shall attain his majority; that Beulah Henry, plaintiff, recover from Jerome Henry, defendant, the sum of $20 per month during the months of November and December of 1936, and January, 1937, for the support, care and maintenance of said Donna Henry; that plaintiff recover of and from defendant the sum of $25 per month for the care, support and maintenance of said Donna Henry from the first day of March, 1937, to the last day of January, 1947. The provision for payment of $25 per month for the support and maintenance of Donna Henry from the first day of March, 1937, to the last day of January, 1947, is evidently a clerical error. The month of February, 1937, is omitted, so this provision should be corrected to read as follows: "that plaintiff recover of and from defendant the sum of $25 per month for the care, support and maintenance of said Donna Henry from the first day of February, 1937, to the last day of January, 1947". The court further decreed that plaintiff recover of and from defendant the sum of $30 per month for the care, support and maintenance of Donna Henry from January 1, 1947, until said Donna Henry shall have attained her majority, and that Jerome Henry pay to the clerk of the court the sum of $35 to defray the expenses of the court reporter for the testimony in the suit. The court, by a former order, under date of May 5, 1936, required defendant to pay the sum of $75 per month for maintenance and support

pendente lite, and for suit money in the sum of $125 for attorneys' fees and $25 for court costs under date of May 25, 1936.

Plaintiff appeals from that portion of the decree in favor of defendant and against the plaintiff wherein the court decreed the sole custody and control of the minor child Jack Henry to the defendant, and that part of said decree wherein the court made no allowance or provision for alimony or support money for the plaintiff, and wherein the court made an alleged inadequate provision of $20 per month for the support of the minor child, Donna Henry, for November and December, 1936, and January, 1937, and omitted entirely from said decree for the month of February, 1937, and from the provision of $25 per month from March 1, 1937, to January 1, 1947, and $30 per month from January 1, 1947, until said Donna Henry shall attain her majority, and plaintiff further appeals from that part of the decree wherein the court failed to allow plaintiff her entire court costs, witness fees and attorney's fees.

No property rights are involved in this suit. Plaintiff assigns error of the court "in decreeing that the party in fault, the defendant-respondent, should have custody and control of one of the minor children, Jack Henry, age 7". Section 6-914, Oregon Code 1930, gives the court power to decree as follows:

"Whenever a marriage shall be declared void or dissolved, the court shall have power to further decree as follows:

"1. For the future care and custody of the minor children of the marriage, as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, giving the preference to the party not in fault;

"2. For the recovery from the party in fault, and not allowed the care and custody of such children, such an amount of money, in gross or in instalments, as may be just and proper for such party to contribute toward the nurture and education thereof;

"3. For the recovery from the party in fault such an amount of money, in gross or in instalments, as may be just and proper for such party to contribute to the maintenance of the other;  *  *  *.''

The court found plaintiff was a fit and proper person to have the care and custody of Donna Henry, the minor girl, giving defendant the privilege to visit her. The court also found Jerome Henry, the defendant, was a fit and proper person to have the custody and control of Jack Henry, subject to the right of plaintiff to see Jack Henry and have him with her on the last Sunday of each month.

██ It is practically conceded on all sides that the plaintiff and defendant are persons of good moral character and there is no real obstacle in regard to either one having the care and custody of the children. The provision of the code above quoted, "unless otherwise manifestly improper, giving the preference to the party not in fault," is not intended to require the court, where there are two children of divorced parties, to give the care and custody of both children to the party in favor of whom the decree is rendered: *Wells v. Wells-Crawford,* 120 Or. 557 (251 P. 263, 251 P. 907). This court will not disturb the decree of the trial court as to the custody of the children when the case is purely one of fact and the evidence is sufficient to warrant the conclusion reached by the trial court: *Bird v. Bird,* 28 Or. 582 (42 P. 616).

■ The controlling and paramount question for consideration in a case such as this is the welfare of the

minor children: *Merges v. Merges,* 94 Or. 246 (186 P. 36); *McKissick v. McKissick,* 93 Or. 644 (174 P. 721, 184 P. 272). We think the court exercised good judgment in providing that the girl, Donna, of tender years, should be in the custody of the mother. As to the boy, 7 years of age, evidently the court thought there would be a little more comradeship between the boy and his father than there would be between the boy and his mother, and that it was manifestly proper and for the best interest of the boy that he be given into the custody of the father.

As the plaintiff, Beulah Henry, resides with and is wholly dependent upon her parents for her support, except for that furnished by defendant, and defendant is a skilled mechanic and is earning from $160 to about $200 per month, and resides with his parents, who are estimable people and will provide a good home for the boy under present conditions, it is possible that the arrangement made by the court for Jack Henry to remain with the father will tend more to permanency than if he was in the custody of the mother.

■ There is no question but what these children love both of their parents. The plaintiff urges as her stronger ground that by giving the custody of the boy to the father it is dividing the family. The sad part of it is that the ultimate result of the rendition of a decree of divorce is to divide the family. This cannot be avoided. It does not necessarily follow that three members of the family should be together and one alone, and we are not prepared to say that the court did not exercise proper judgment and discretion in decreeing the custody of the boy to the father.

■ Should circumstances change or necessity require that different provisions be made for the care and

custody of either of these children, the court has the power to make such change.

■■ The defendant is not able to earn as much during the winter months as during the summer, and he depends upon his labor for his support and that of his children, and under the circumstances we do not think the judgment of the court in regard to the several provisions made for the payment of the different amounts for the support and maintenance of Donna Henry should be changed, or that further provision should be made for defendant to support plaintiff. The attorney's fees allowed were reasonable.

■■ The trial court is acquainted with conditions in the neighborhood where the parties reside and all the circumstances pertaining to the matter. Evidently, the court did not think that the witnesses for plaintiff, many of whom were relatives, would charge witness fees in the case and therefore did not allow all the costs. Unquestionably in an equity suit the costs are in the discretion of the court, and we see no abuse of such discretion.

With the correction in regard to the date, making provision for the month of February, 1937, the decree of the circuit court will be affirmed. Neither party will recover costs in this court.

It is so ordered.

ROSSMAN, KELLY and BELT, JJ., concur.