Submitted on briefs June 22; modified July 7, 1943

## BAIER *v.* BAIER
(139 P. (2d) 562)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*Pat H. Donegan,* of Burns, for appellant.

*P. L. Patterson* and *E. J. McAlear,* both of Hillsboro, for respondent.

HAY, J. This was a suit for divorce. In the complaint, the husband charged his wife with cruel and inhuman treatment, specifically, (a) that on numerous occasions she told him that she had no love for him, (b) that she refused to leave Burns, where the parties had resided together, and accompany him to Portland, where he had decided to establish the family home, and (c) that she is lazy and indolent, refused to take ordinary care of a home, and refused to take ordinary care of her children.

The defendant denied generally the matters so laid to her charge and, seeking a decree of divorce in her favor, accused plaintiff of failure to provide for the family, saying that such failure was due to his instability and capriciousness, by reason of which he was unable to maintain himself in steady employment; that he had had work of a permanent character with sufficient pay to meet the needs of the family, but that, without any good cause, he quit such employment and required defendant to go with him elsewhere in search of other work, upon finding which he would repeat the procedure; that a good portion of his earnings was expended on automobiles; that sometimes she and the children lacked the necessaries of life, even to the extent of facing actual want; and she alleged, moreover, that plaintiff, in the presence and hearing of defendant's sister, unjustly accused defendant of marital "infelicity" (infidelity?) and unchastity.

The parties were married on July 25, 1937. They have two girl children, aged respectively about four and three years.

We have carefully perused and considered the transcript of the testimony which was received in this case. The trial judge did not file any memorandum

opinion, but sent to the respective attorneys a letter in which he intimated what decision he had come to, and his reasons therefor. This letter is incorporated in appellant's brief. The letter states, in effect, that the evidence shows that both parties are devoted to the children, and apparently would take good care of them, but that the judge was of the opinion that it is advisable to keep the children together during the school year. The court accordingly awarded a decree of divorce to the plaintiff, and gave him custody of the children from September 1st to May 31st "of each year", allowing the defendant to have custody of them from June 1st to August 31st, with an allowance of $40 per month for their support during that period. The decree provided that either party should have the right to visit the children at reasonable times while they were in the custody of the other.

■ The evidence satisfies us that the trial court did not err in awarding a divorce to the plaintiff. We accept the trial judge's decision the more readily because of the fact that he "had the advantage of observing the manner, appearance and demeanor of each witness while testifying". *White v. White,* 100 Or. 387, 394, 190 P. 969, 197 P. 1080. A detailed discussion of the evidence is not necessary, nor would it be of advantage to the parties or to the profession. *Vorpahl v. Vorpahl,* 111 Or. 56, 224 P. 830.

At the hearing the plaintiff offered considerable testimony with reference to an alleged affair which he said his wife had had with another man. He based this upon a letter supposed to have been written by his wife to the other man, and found by plaintiff's brother-in-law. The plaintiff said that he had secreted this letter in his woodshed but was afterwards unable to find it. He was corroborated by members of his own

family. There was also an attempt made, on insufficient evidence as we think, to impute to the defendant improper relations with still another man. Counsel for defendant objected most strenuously to the introduction of any such evidence, on the ground that defendant was taken by surprise and was altogether unable to meet it, there having been no notice in the complaint that plaintiff would rely upon charges of infidelity to sustain his case. The court, however, admitted the evidence on the theory that the welfare of the children was to be considered, which put the moral character of the defendant in issue.

■ We think that the better practice would have been to require plaintiff, by his pleadings, to give defendant notice that she would have to meet charges of this description. The complaint alleged merely that she was not a fit and proper person to have the custody of the children. The defendant positively denied that she had written the letter in question, but the court apparently found against her on this point. It is to be observed, however, that plaintiff, by his own testimony, admitted that he had condoned this offense, and thereafter continued to reside with the defendant as her husband. That he did not consider that the affair, if there was any, rendered the defendant unfit to care for her children, is evidenced by the fact that he left them in her charge while he went to Portland and elsewhere in search of employment. The trial judge, as we have noted above, was of the opinion that both parties loved the children and that both would give them good care. He allowed the defendant to have custody of the children for two months of every year, and we feel that he would not have done so had he not been satisfied that she is a fit and proper person. We, ourselves, see nothing in the evidence which would indicate that the de-

fendant should not have the custody of her children awarded to her. In divorce proceedings, children of tender years, more especially girl children, should be awarded into the custody of their mother, notwithstanding the fact that she is the losing party, unless she is morally unfit. *Barnes v. Long,* 54 Or. 548, 104 P. 296, 25 L. R. A. (N. S.) 172, 21 Ann. Cas. 465; *Fisher v. Fisher,* 133 Or. 318, 320, 289 P. 1062; *Borigo v. Borigo,* 142 Or. 46, 48, 18 P. (2d) 810; *Sachs v. Sachs,* 145 Or. 23, 30, 25 P. (2d) 159, 26 P. (2d) 780; *Henry v. Henry,* 156 Or. 679, 684, 69 P. (2d) 280. If the letter-writing incident really happened, we think that it was thoroughly repented, and it is our opinion that the defendant, in the main, displayed qualities of worthy and courageous motherhood.

"* * * It is enough to say that, except in very rare cases, the instincts of motherhood can be relied upon to give to a daughter of tender years a measure of loving care and attention which no other person can equal. The proper place for this little girl is with her mother." *McKay v. McKay,* 77 Or. 14, 149 P. 1032.

■ In so far as the custody of the children is concerned, we are of the opinion that the trial court erred. In this respect the decree will be reversed, and the custody of the children will be awarded to their mother, with an allowance of $40 per month for their support; that is to say, $20 for each child. The father will be permitted to have custody of them during the period of school vacations in summer, and shall, at his expense, furnish the necessary transportation to and from his place of residence. In all other respects, the decree is affirmed. Appellant may have her costs and disbursements in this court, and the sum of $100 as attorney's fee on the appeal.