Argued January 4; affirmed January 23, 1945

## NORCROSS *v.* NORCROSS

(155 P. (2d) 562)

[ 1 ]

Before ROSSMAN, Acting Chief Justice, and KELLY, BAILEY, LUSK and BRAND, Associate Justices.

*Clifford G. Holland,* of Portland, for appellant.

*Howard P. Arnest,* of Portland, for respondent.

Suit for divorce by Ted D. against Marjorie E. Norcross. From a decree in favor of the plaintiff awarding to him three minor children, the defendant appeals. After entry of the decree and while the cause was pending upon appeal in this court, the plaintiff and respondent served and filed a motion to dismiss, supported by affidavits which disclosed that in the interim the defendant had married one Robert E. Jenkins. The fact of her remarriage was admitted by the defendant, whereupon this court dismissed her appeal as to that portion of the decree which granted to the plaintiff an absolute divorce. We held that by her conduct she had acquiesced in the decree and could no longer question its validity, but the court denied the motion to dismiss in so far as it related to the custody of the minor children who are of tender age, having been born in 1936, 1939 and 1941 respectively.

The trial court found that "the plaintiff is, and the defendant is not, the fit and proper person to have and be awarded the care, custody and control of the minor children of the parties * * *." The only question before this court relates to the propriety of that order.

BRAND, J.

■ We have carefully followed the sordid tale of marital experiences and indiscretions through 410 pages of the record and have found nothing in it which, if published, would assist the profession, enlighten the public or redeem tarnished reputations. Undoubtedly there was fault upon both sides. Many of the indiscretions of the defendant occurred several years before the trial and may have been condoned by the plaintiff, but condonation can not destroy the materiality of such evidence when the issue is one of character as bearing upon the right to custody of minor children.

Taken as a whole, the record presents a case typical of our time—a jealous, and by no means perfect, husband, a restless young wife of doubtful virtue, craving excitement and finding it in drinking and loose conduct in association with persons of known immorality. She loved her children, but not enough to stay faithfully with them. She left husband and home, intending, as the trail court found, not to return to them though hoping to secure custody of the children through the instrumentality of the divorce court. She was not a drunkard, but she drank frequently and sometimes to excess, stayed out late nights, once all night, and appeared susceptible to the lure of the uniform in its various manifestations. It was her expressed desire to postpone the quiet life to the period of old age. The bibulous and undenied occasion when she emulated

Lady Godiva, sans horse, on the streets of Marshfield (now Coos Bay) is merely illustrative of her restless spirit. The undisputed evidence was to the effect that her husband offered her a sort of furlough from her marital obligations for a year, if, as he said, she would "go and get this out of her system" and then "come back and settle down." She first denied, and then admitted, associating shortly before the trial with the person to whom she is now married. There is testimony concerning specific misconduct, if not immorality, and of immoral proposals which we deem it unnecessary to recite.

■ We have no criticism of the authorities cited by the defendant. We are directed by the statute to have due regard to the age and sex of the minor children and, unless otherwise manifestly improper, to give preference to the party not in fault. O. C. L. A. § 9-914. The plaintiff husband was awarded a decree of divorce which has become final. His was at least the lesser fault and the court so held.

He is a competent worker and his earnings have been adequate for the support of the children. We have no evidence concerning any earning power on the part of the defendant and the children, if awarded to her, would probably be kept in the actual custody of her parents.

■ We agree that, notwithstanding the provisions of statute, this court is committed to the proposition that children of tender years should generally be awarded to the mother even when she is the losing party, unless she is morally unfit. *Baier v. Baier,* 172 Or. 83, 139 P. (2d) 562; *Leverich v. Leverich,* 175 Or. 174, 152 P. (2d) 303. Such has been the rule guiding the judgment of this court when a sufficient showing has been

made to the effect that the conduct of the party at fault was "not such as to be detrimental to the interests of the children." *Leverich v. Leverich,* supra. But we are also guided by the principles laid down in *Layton v. Layton,* 174 Or. 463, 149 P. (2d) 574, where this court said:

> "There is no fixed rule governing the awarding of custody of minor children. Each case must be decided largely on its peculiar facts. As a general rule, the decisions of this court reflect a strong tendency toward giving the mother custody of a child of tender age, especially a girl, unless the mother is 'grossly immoral', or subjects the child 'to abuse or gross neglect'. * * *

> "On the record before us we should not feel justified in disturbing the finding of the circuit court as to what is for the best interest of the minor child here concerned. The circuit court has at all times authority to modify its decree as to the custody of the child, if the facts warrant a change. * * *"

Again, we have said:

> "This court will not disturb the decree of the trial court as to the custody of the children when the case is purely one of fact and the evidence is sufficient to warrant the conclusion reached by the trial court." *Henry v. Henry,* 156 Or. 679, 69 P. (2d) 280.

The trial judge gave patient and careful consideration to the testimony. He had the advantage of observing the witnesses and his opinion indicates that he had grave doubts as to the credibility of some of those who testified for the defendant. Under these circumstances, we accept his informed judgment that the plaintiff was, and the defendant was not, the fit and proper person to have custody of the children.

The more human frailties and errors of youth do not always persist in the years of maturity and it may be that under changed conditions the defendant may qualify herself for a greater share in the lives of her children. As it now stands, this cause is in a unique position. We judicially know that the conditions bearing upon the custody and welfare of children have changed since the decree was entered for we are advised that both plaintiff and defendant have married since the date of the decree, but our knowledge is, of course, not derived from any testimony at the trial. The first intimation of changed conditions which might be relevant upon the issue of custody appears in affidavits upon the motion to dismiss the appeal. We know that conditions having a bearing upon the custody of children have changed by reason of the marriage of both parties, but whether for better or for worse, we do not know. It may be that the father, by reason of his second marriage, is better able to give the children a proper home than he was before. On the other hand, it may be that the mother, under new conditions, may in time reestablish herself as more worthy of the custody of the children.

The decree of the court was entered in January, 1944, since which time we are wholly without evidence as to the situation of the parties. Under these conditions, we can only affirm the decree of the trial court as of the date thereof, secure in the knowledge that that tribunal has continuing jurisdiction to consider the qualifications of the parties if in the future it should appear that conditions have materially changed and that such change, if any, seriously affects the interests of the children whose welfare is paramount.

The decree of the circuit court is affirmed.