Argued May 6; modified June 3, 1947

## VAN DOOZER v. VAN DOOZER

(181 P. (2d) 126)

*George T. Cochran,* of La Grande, (Cochran & Eberhard, of La Grande, on the brief) for appellant.

*L. B. Sandblast,* of Portland, on the brief, for respondent.

Before ROSSMAN, Chief Justice, and LUSK, BELT, HAY and WINSLOW, Justices.

WINSLOW, J. (Pro Tempore)

This suit was commenced by appellant (the wife) against respondent to procure a divorce on the ground of cruel and inhuman treatment. The respondent, after admitting the formal parts of the complaint, denied the allegations thereof regarding mistreatment, denied that appellant herself had faithfully performed her marriage contract and likewise denied that appellant was a fit and proper person to be awarded the exclusive

care, control and custody of their minor child, Gerald Franklyn Van Doozer.

The parties were married on the 4th day of May, 1940. At the time of the trial (August 1946), the child was sixteen months old.

The decree granted to appellant a divorce and the custody of the child, and then made the following provision:

" * * * that during the months of July and August of each year the defendant shall have the privilege of taking said child to the home of his parents in Portland, Oregon, provided that he shall call for said child and return him at the conclusion of such visits, all at defendant's own expense; and provided that plaintiff shall not remove said child from the jurisdiction of the court for a period of more than thirty (30) days at any time, without the consent of the court."

It is from the portion of the decree quoted above that this appeal is prosecuted. There is no contention here regarding the other matters.

As the lower court rightly observed, this is a case of too much liquor. If appellant's testimony is to be taken at full face, she is an exemplary matron and respondent is a fiend. If respondent's testimony is to be given the same credit, he is an exemplary young man and appellant is a hellion. Each has a good word for himself, but neither can find anything of merit in the other. While most of these outbursts coming from both sides were directed to the issues regarding the right of appellant to obtain a divorce, they cannot be overlooked entirely in connection with our consideration of the questions involved on this appeal.

Respondent's parents admit that appellant was a good housekeeper and took good care of the child. This evidence no doubt prompted the trial court to

award custody of the child to appellant. But the question we are concerned with is: Was the court justified in permitting respondent to take the child during the months of July and August of each year to the home of his parents in Portland, Oregon.

The evidence shows that respondent's parents lived in Portland, are elderly people, have a first-class home and are of high character. Respondent's mother gave the following testimony:

"Q If the child was given to the father, would you be willing to give the child a good home?

"A Well, I would be. I would rather they were together, and had their own child. I don't care to take anybody's child. If it comes to where it must be, I will be glad to take care of him."

We understand and thoroughly appreciate the attitude of this good woman. "If it comes to where it must be," you can count on "mother."

At the time the parties were married, appellant lived at La Grande. When the final break came, she returned to La Grande and is now residing there. It was only natural that she should return to the home of her mother when this dream of marital bliss shipwrecked and foundered on the hidden shoals of domestic intolerance. In other words, it is not appellant's fault that respondent finds himself in a position where he is compelled to travel 275 miles (from Portland to La Grande) in order to enjoy his right to visit his child, while the child is in the custody of its mother. As we said in *Hughes v. Hughes,* —— Or. ——, 178 P. (2d) 170, 174: "Every boy, or girl for that matter, needs, and needs desperately, both a father and mother, all of the time, not just part time." The parties themselves have made this impossible for Gerald Franklyn Van Doozer.

■ By the decree, the court determined that respondent was the party at fault. Under this state of the record, this court is required to give preference to appellant, unless she is manifestly an improper person to have such custody. *Norcross v. Norcross,* 176 Or. 1, 155 P. (2d) 562; *Henry v. Henry,* 156 Or. 679, 69 P. (2d) 280; *Sachs v. Sachs,* 145 Or. 23, 25 P. (2d) 159, 26 P. (2d) 780; § 9-914, O. C. L. A. In *Sachs v. Sachs,* supra, this court passed upon a situation very similar to the one presented by this record. The child involved was a boy one and a half years of age. The wife obtained the divorce. The court said:

" 'The controlling consideration, paramount above all others, is the welfare of the child. It is not a chattel like pigs, chickens or furniture, to be divided between the divorce litigants on the bases of monetary value; neither is its custody to be made the vehicle for the continuation of their antagonisms and resentments toward each other.' Merges v. Merges, 94 Or. 246 (186 P. 36); McKissick v. McKissick, 93 Or. 644 (174 P. 721, 184 P. 272)."

Then the court added:

"Where the wife gets the decree of divorce and there is no showing that she is not a fit and proper person to have the care of her minor son, one and one-half years of age, the custody should be awarded to her."

■ There is no substitute for the God-given instinct of a good mother to care for her child. It is because of that mother instinct that it is better for a child to have a good mother than a grandmother, as grand as that grandmother may be. Further, we feel that it is an imposition upon this generous grandmother to add to her cares, at her age, the managing, nurturing and disciplining, even for two months out of each year, of

this lively specimen of young America. Considering the age of the child, the age of the grandmother, the fact that respondent is the party at fault and the further and all important fact that the record establishes that appellant has been a good mother, we hold that the best interests of this child will be promoted by modifying the decree as rendered, eliminating therefrom that provision permitting the father to take the child to the home of his parents during July and August of each year. There are many things distinguishing this case from *Hughes v. Hughes,* supra, chief among them being the age of the child. *Phillips v. Phillips,* 175 Or. 14, 25, 149 P. (2d) 967; *Baier v. Baier,* 172 Or. 83, 87, 139 P. (2d) 562; 2 Nelson, Divorce and Annulment (2d ed.) § 15.09.

While there is nothing in the record to indicate why the court prohibited appellant from removing the child from the jurisdiction of the court for more than thirty days at any time without the consent of the court, yet we are unable to understand why this is any handicap to appellant. She does have relatives in Washington, yet there is nothing in the record to indicate that she has any intention of permanently moving from the State of Oregon. If she finds it necessary on any of her visits to remain out of the state for more than thirty days at any one time, it will not be difficult for her, on making a proper showing to the court, to obtain the consent of the court for such extended stay. Appellant complains because this provision was not made applicable to respondent as well as to herself. In view of the modification of this decree which is being made, this will become unimportant.

The decree will therefore be modified as herein indicated and otherwise affirmed, appellant to recover her costs and disbursements upon this appeal.