Argued May 2; reversed June 28, 1949

## CRIPE (Now DUNN) *v.* CRIPE
### 207 P. 2d 1049

*Mark V. Weatherford* argued the cause for appellant. On the brief were Charles E. Boardman, of Bend, and Weatherford & Thompson, of Albany.

*A. C. Goodrich* argued the cause for respondent. On the brief were DeArmond, Goodrich & Foley, of Bend.

Before LUSK, Chief Justice, and BRAND, ROSSMAN and BAILEY, Justices.

BAILEY, J.

Plaintiff, Ruth L. Cripe, and defendant, Edwin S. Cripe, were married in April, 1940. To them were born two sons, Robert Lynn and Edwin Bryce, March 29, 1941, and December 29, 1943, respectively. Thereafter, and on June 26, 1946, plaintiff was granted a decree of divorce from the defendant and was awarded the custody of their two children. On August 13, 1948, defendant filed a motion asking that that decree be modified by granting to him, instead of to plaintiff, their care, custody and control. From an order granting defendant the requested modification, plaintiff has appealed.

Section 9-914 (1), O. C. L. A., (reenacted, Ch. 228, Oregon Laws 1947) empowered the court, whenever a marriage should be declared void or dissolved, to provide for the future care and custody of the minor children of the marriage "as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, giving the preference to the party not in fault." In the instant case the decree of divorce was granted to

plaintiff, Ruth L. Cripe, now Ruth L. Dunn. She was therefore not the party in fault, and, in accordance with the foregoing provisions, was awarded the custody of the children.

■■ The paramount consideration in determining to whom the custody of the children shall be awarded, upon the dissolution of a marriage, is the welfare and best interests of the children. *Sachs v. Sachs,* 145 Or. 23, 25 P. (2d) 159, 26 P. (2d) 780; *Van Doozer v. Van Doozer,* 181 Or. 274, 181 P. (2d) 126. This court has generally held that children of tender years should be awarded to the custody of the mother unless she is morally unfit. *Sachs v. Sachs,* supra; *Phillips v. Phillips,* 175 Or. 14, 149 P. (2d) 967; *Leverich v. Leverich,* 175 Or. 174, 152 P. (2d) 303; *Richardson v. Richardson,* 182 Or. 141, 186 P. (2d) 398.

Defendant was in the armed service from June 21, 1945, until December 19th of that year. Upon entering the service his wife was allotted by the government $100 a month. She did not consider this sufficient to care for herself and two boys and a daughter by a former marriage. This daughter was two or three years older than their first-born child and was afflicted with diabetes. During most of the time that her husband was in the service plaintiff worked in her mother's restaurant. She placed the two boys, with the consent of her husband, in the home of Mrs. Ole Grubb, who fed and cared for them for $60 a month. While they were there plaintiff visited them frequently.

In his affidavit, which is made a part of his motion for a modification of the decree, and in his testimony, defendant asserts that plaintiff is not a fit and proper mother to have the care, custody and control of their

minor children. Most of the evidence produced by defendant to prove such assertion relates to happenings which occurred, and were well known to the defendant, prior to the granting of the decree of divorce to plaintiff. Many of the charges made by defendant against the plaintiff, concerning her alleged unfitness to have the custody of the children, are not supported by the evidence, and others are of such a trivial nature that they do not deserve mention. There is one, however, that can not go unnoticed. It is claimed by defendant that Arthur M. Dunn, whom plaintiff married on January 2, 1947, was the cause of the trouble between defendant and plaintiff, which finally resulted in their separation and divorce. The record discloses that there was marital trouble between plaintiff and defendant, and that she had left him at least twice, prior to his entering the armed service and before she had ever met Mr. Dunn. The evidence fails to prove that Dunn contributed in the least to the discord between defendant and his wife.

It is admitted that Arthur Dunn, on the 17th day of July, 1939, pleaded guilty to the crime of entering a motor truck in which property was kept "with intent to steal therein", in violation of § 23-520a, O. C. L. A., and was sentenced to imprisonment in the county jail of Deschutes County, Oregon, for a period of two months. The record does not disclose Dunn's age at the time of this misdemeanor. Since then he has served three years, three months, and nineteen days in the armed service. He has lived practically all his life in and around Bend, Oregon. After he was discharged from the service he worked for some time for the State Highway Commission. Since September 24, 1947, he has lived at Sweet Home, Oregon,

where he is employed by the Santiam Lumber Company, owns his home, and earns from $250 to $270 a month. Mr. Dunn testified that he would like to make a home for the two boys if given an opportunity and that such home would be a good one.

About January, 1947, defendant remarried and he and his wife reside at Bend, Oregon. Defendant's present wife, who was 22 years of age at the time of the trial, testified that she feels "as much toward those children as I would toward my own if I had children" and that she would be able to give them "the proper raising" if their custody was given to her husband.

■ It is a well-established rule in this state that a decree fixing the custody of a child is final on the conditions then existing and may not be modified thereafter unless based on some change in the circumstances relating thereto and occurring since the rendition of the original decree, or on material facts existing at the time of the decree but unknown to the court, and then only when such modification would be for the best interests of the child. *Wells v. Wells-Crawford,* 120 Or. 557, 564; 251 P. 263, 907; *Borigo v. Borigo,* 142 Or. 46, 18 P. (2d) 810; *Leverich v. Leverich,* supra.

■ No good purpose would be served in further discussing the evidence. We have carefully considered the entire record and are of the opinion that it would be for the best interests of the two boys that they remain in the custody of their mother. There is nothing therein that reflects unfavorably on her character or on her fitness and ability to care for them. By her marriage to Mr. Dunn she did not, and she should not, forfeit her right to the custody of these minor children. He has paid his debt to society for his infraction of the law and has since established himself as a sub-

stantial and industrious citizen. There is nothing to indicate that his presence and influence in the home will be other than for the best interests and welfare of these children.

The order appealed from is reversed and the cause remanded with instructions to reinstate the decree as originally entered.