Argued December 14, 1949; affirmed January 10, 1950

## KLOSTER v. KLOSTER
### 213 P. (2d) 448

*Wendell K. Wyatt,* of Astoria, argued the cause for appellant. On the brief were Norblad, Wyatt & Norblad, of Astoria.

*M. E. Reynolds,* of Astoria, argued the cause and filed a brief for respondent.

Before LUSK, Chief Justice, and ROSSMAN, BAILEY, HAY and PAGE, Justices.

PAGE, J.

This is a suit for divorce by Helmer M. Kloster, plaintiff against Dorothy E. Kloster, defendant, alleging cruel and inhuman treatment and setting up certain property claims and asking that plaintiff be awarded the care, custody, control and education of two minor children, Kenneth Melvin born in 1937, and Kay Louise born in 1941, and alleging certain acts of cruelty on the part of the defendant.

To this complaint, the defendant filed an answer and cross-complaint in which she asked for a divorce from her husband on the ground of cruel and inhuman treatment, setting forth certain property claims and asking that she be awarded the care, custody and control and education of the minor children.

The case was tried before the circuit court in Clatsop County, Oregon, on the first day of November, 1948. A decree was entered in favor of the plaintiff awarding him certain property rights and the care, custody, control and education of the two minor children. From this decree, the defendant has appealed setting forth three assignments of error as follows:

1. The court erred in failing to grant a decree of divorce to defendant based upon the evidence before the court.

2. The court erred in granting a decree of divorce to plaintiff on the evidence before the court.

3. The court erred in awarding the care, custody, control and education of the minor children to the plaintiff instead of the defendant on the evidence before the court.

On July 22, 1949, after the appeal had been perfected, the attorneys for appellant notified the clerk of this court as follows:

"Dear Sir:                    Re Kloster vs. Kloster
In reference to the above appeal now pending, please be advised that the appellant was married recently and therefore on her behalf we are withdrawing from the consideration of the court Assignments of error No. 1 and No. 2, and will press only assignment of error No. 3."

This brings this appeal to only one question, and that is:

To whom should the court award the care, custody and control and education of the minor children of the parties to this case? Therefore, that is the only matter to be considered at this time.

Section 9-914, O. C. L. A., as amended by Chapter 228, Oregon Laws 1947, provides as follows:

"Whenever a marriage shall be declared void or dissolved, the court shall have power further to decree as follows:
(1) For the future care and custody of the minor children of the marriage, as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, giving the preference to the party not in fault."

At the present time, defendant has the custody of the children and is living with them in the city of

Albany, Oregon, while plaintiff is residing at Astoria, Oregon, where he is employed at a salary of $300 per month.

■ Notwithstanding the provisions of the statute, (Section 9-914, O. C. L. A., as amended, Chap. 228, Oregon Laws 1947), this court is committed to the proposition that children of tender years generally should be awarded to the mother even though she is the losing party, unless she is morally unfit. *Baier v. Baier,* 172 Or. 83, 129 P. 2d 562; *Leverich v. Leverich,* 175 Or. 174, 152 P. 2d 303.

We have carefully followed the tale of marital experiences and indiscretions through many pages of the record and have found nothing which, if published, would assist the profession or redeem tarnished reputations.

The defendant not only fled from her own home but apparently had no compunction about breaking up another family in which there were four small children. This is not the type of a woman who should be charged with the responsibility of rearing two small children. This defendant, by her own admissions, met with a married man in a barn, even though at intervals of not more than ten minutes at a time, and exchanged notes with him at various times. At these times, the children were left alone and unattended.

As the court said in *Layton v. Layton,* 174 Or. 463, 149 P. 2d 574, and quoted with approval in *Norcross v. Norcross,* 176 Or. 1, 5, 155 P. 2d 562,—

"There is no fixed rule governing the awarding of custody of minor children. Each case must be decided largely on its peculiar facts. As a general rule, the decisions of this court reflect a strong tendency toward giving the mother custody of a child of tender age, especially a girl, unless the

mother is 'grossly immoral', or subjects the child to 'abuse or gross neglect'.  *  *  *

On the record before us we would not feel justified in disturbing the finding of the circuit court as to what is for the best interest of the minor child here concerned. The circuit court has at all times authority to modify its decree as to the custody of the child, if the facts warrant a change."

Again in the Norcross case, the court quoted from *Henry v. Henry,* 156 Or. 679, 69 P. 2d 280, as follows:

"This court will not disturb the decree of the trial court as to the custody of the children when the case is purely one of fact and the evidence is sufficient to warrant the conclusions reached by the trial court."

The trial judge, who had an opportunity to witness the demeanor and manner of the witnesses on two occasions, found that the welfare of the children required them to be given to the father.

This court will not disturb the decree of the trial court granting the care, custody and control of the children when the case is merely one of fact and the evidence is sufficient to warrant the conclusions reached by the trial court. Should circumstances change, necessitating and requiring different provisions to be made for the care and custody of one or both of the children, the court has the power to make such provisions. *Henry v. Henry,* supra.

Mere frailties inherited in youth do not always persist in years of maturity. It may be that under changed conditions the mother may qualify herself for a greater share in the lives of her children, and, if so, the lower court always has the power to alter or amend the decree so handed down. *Henry v. Henry,* supra.

The decree of the lower court will be affirmed.